

1   James J. Nicita
2   OSB No. 024068
3   302 Bluff Street
4   Oregon City, OR  97045
5   (503) 650-2496        voice
6   james.nicita@gmail.com
7
8   Of Attorney for Plaintiffs
9
10
11

FILED'08 OCT 6 16:00USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| HEREDITARY CHIEF WILBUR SLOCKISH, a resident of Washington, individually and as Hereditary Chief of the Klickitat/Cascade Tribe, | Case No. **CV '08 - 1 1 6 9 - ST** |
| | **COMPLAINT** |
| THE KLICKITAT/CASCADE TRIBE, a confederated tribe of the Yakama Indian Nation, | **SUIT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |
| CHIEF JOHNNY JACKSON, a resident of Washington, individually and as Chief of the Cascade Tribe, | |
| THE CASCADE TRIBE, a confederated tribe of the Yakama Indian Nation, | |
| CAROL LOGAN, a resident of Oregon, | |
| CASCADE GEOGRAPHIC SOCIETY, an Oregon nonprofit corporation, | |
| and | |
| MOUNT HOOD SACRED LANDS PRESERVATION ALLIANCE, an unincorporated nonprofit association, | |
| Plaintiffs, | |

#23336

v.

**MARY E. PETERS, Individually and as U.S. Transportation Secretary,**

**UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, an Agency of the Federal Government,**

**DIRK KEMPTHORNE, Individually and as U.S. Interior Secretary,**

**UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, an Agency of the Federal Government,**

**JOHN FOWLER, Individually and as Executive Director of the Advisory Council on Historic Preservation,**

**ADVISORY COUNCIL ON HISTORIC PRESERVATION, an Agency of the Federal Government,**

**and**

**MATTHEW GARRET, Individually, and as Director of the OREGON DEPARTMENT OF TRANSPORTATION, an Agency of the State of Oregon,**

**Defendants.**

1
2          Plaintiffs allege:
3
4                          **INTRODUCTION**
5
6                                **1.**
7

PAGE 2 - Complaint for Declaratory and Injunctive Relief and Damages

1    Plaintiffs seek to preserve and protect Native American sacred and cultural sites,

2    and historical and archaeological resources in the area of Mount Hood, in Oregon. These

3    sites and resources have been damaged, and are at further risk of further damage, by the

4    U.S. 26: Wildwood-Wemme highway widening project. This project has been renamed the

5    U.S. 26: Salmon River Bridge to East Lolo Pass Road Project. This damage has and will

6    occur as a result of the failure of the Defendants to carry out the applicable laws and

7    regulations for which they are respectively responsible.

8    The Native American Plaintiffs also seek to secure due process of law under the Fifth and

9    Fourteenth Amendments to the U.S. Constitution, and redress for the U.S. Government's

10   breach of its fiduciary duty to the Native American Plaintiffs.

11   Plaintiffs seek:

12   (1)    declarations that Defendants have violated specific provisions of
13          applicable federal and state laws and regulations;
14

15   (2)    declarations that in violating these laws and regulations, the Defendants
16          have violated the civil rights of the Native American Plaintiffs and
17          breached their fiduciary duty to the Native American Plaintiffs;
18

19   (3)    an injunction to require Defendants to comply with applicable laws
20          and regulations and remediate damage to Native American cultural
21          and other resources associated with work on the U.S. 26:
22          Wildwood-Wemme project;
23

24   (4)    the assessment of appropriate actual and punitive damages.
25

26   (5)    the assessment of reasonable costs, expenses, and attorney fees.
27
28
29                            **JURISDICTION**
30
31                                 **2.**
32

1        Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4). This

2    action is brought pursuant to 5 U.S.C. §§701-706; 16 U.S.C. §§ 470(f) and 470w-4; 42

3    U.S.C. §§ 1983 and 1988 and the Fifth and Fourteenth Amendments to the Constitution

4    of the United States.

5                                    **VENUE**

6                                       **3.**

7        Venue of this court is invoked pursuant to 28 U.S.C. § 1391(b). A substantial

8    portion of the events giving rise to the claims occurred within this Division of Oregon, as

9    alleged below. The segment of U.S. Highway 26 from the Salmon River Bridge to East

10   Lolo Pass Road, and the cultural, historic, and archaeological resources impacted by the

11   highway widening project, are all located within unincorporated Clackamas County,

12   Oregon. The Defendants made the decisions to approve the highway widening project, for

13   the most part, in Salem, Oregon, and the metropolitan area of Portland, Oregon.

14                          **PARTIES AND STANDING**

15                                      **4.**

16       Plaintiff Wilbur Slockish is a resident of the State of Washington. He is an

17   Hereditary Chief of the Klickitat/Cascade Tribe, which is a confederated tribe within the

18   Yakama Indian Nation. He is a direct descendant of Sla-kish, a signatory to the 1855

19   Treaty with the Yakama.

20       A.        Slockish, individually and as the representative of the Klickitat/Cascade

21                 Tribe, has been harmed by the damage to the historic and cultural resources

22                 in which it has an interest, including the Native American Traditional

PAGE 4 - Complaint for Declaratory and Injunctive Relief and Damages

1    Cultural Property located within the U.S. 26 highway widening project

2    area.

3    B.    Slockish, individually and as the representative of the Klickitat/Cascade

4    Tribe, has been harmed by the breach of his and his Tribe's entitlement to

5    be consulted regarding the U.S. 26 highway widening project.

6    5.

7    The Klickitat/Cascade Tribe is a confederated Tribe of the Yakama Indian Nation.

8    The Klickitat/Cascade Tribe considers the Mount Hood area, including U.S. 26 highway

9    widening project area, to be a Traditional Cultural Property.

10    A.    The Klickitat/Cascade Tribe has been harmed by the damage to the historic

11    and cultural resources in which it has an interest, including the Native

12    American Traditional Cultural Property located within the Dwyer

13    Memorial Forest and within the right-of-way of the U.S. 26 highway

14    widening project.

15    B.    The Klickitat/Cascade Tribe has been harmed by the breach of its

16    entitlement to be consulted regarding the U.S. 26 highway widening

17    project.

18    6.

19    Plaintiff Johnny Jackson is a resident of the State of Washington. He is a Chief of

20    the Cascade Tribe.

21    A.    Jackson, individually and as the representative of the Cascade Tribe, has

22    been harmed by the damage to the historic and cultural resources in which

PAGE 5 - Complaint for Declaratory and Injunctive Relief and Damages

1          it has an interest, including the Native American Traditional Cultural

2          Property located within the Dwyer Memorial Forest and within the right-

3          of-way of the U.S. 26 highway widening project.

4    B.     Jackson, individually and as the representative of the Klickitat/Cascade

5          Tribe, has been harmed by the breach of his and his Tribe's entitlement to

6          be consulted regarding the U.S. 26 highway widening project.

7                            **7.**

8

9      The Cascade Tribe considers the Mount Hood area, including the U.S. 26 highway

10  widening project area, to be a Traditional Cultural Property.

11    A.     The Cascade Tribe has been harmed by the damage to the historic and

12          cultural resources in which it has an interest, including the Native

13          American Traditional Cultural Property located within the Dwyer

14          Memorial Forest and within the right-of-way of the U.S. 26 highway

15          widening project.

16    B.     The Cascade Tribe has been harmed by the breach of its entitlement to be

17          consulted regarding the U.S. 26 highway widening project.

18                            **8.**

19

20      Plaintiff Carol Logan is a resident of Oregon, and is of Native American ancestry.

21  She is a member of the Mount Hood Sacred Land Preservation Alliance (hereinafter

22  "MHSLPA"). She has since the 1980s engaged in advocacy to preserve and protect

23  Native American sacred lands within the Mount Hood area, including the project area at

24  issue in this dispute.

PAGE 6 - Complaint for Declaratory and Injunctive Relief and Damages

1      A.         Logan has been harmed by the damage to the historic and cultural

2               resources in which it has an interest, including the Native American

3               Traditional Cultural Property located within the Dwyer Memorial Forest

4               and within the right-of-way of the U.S. 26 highway widening project.

5                       **9.**

6      Plaintiff Cascade Geographic Society (hereinafter "CGS") is a nonprofit

7  corporation based in Rhododendron, Oregon. It is dedicated to preserving and promoting

8  cultural, historical, and natural resources of the Cascade Mountain Range and all the lands

9  and waters that it influences. Since the 1980s, CGS has undertaken research into the

10  Native American, Pioneer, and other history in the Mount Hood Area. It has coordinated

11  preservation efforts with Native Americans, descendants of Pioneers, the Dwyer Family,

12  and other interested parties, directed toward these resources.

13      A.         CGS is harmed by the damage to the historic and cultural, and

14               natural  resources in which it has an interest, including the Native

15               American Traditional Cultural Property located within the Dwyer

16               Memorial Forest, the tree removal within the Dwyer Memorial Forest

17               itself, the Barlow Road, and archaeological sites associated with the

18               Barlow Road, such as the potential Barlow Road stone toll booth.

19                     **10.**

20      Defendant Mary E. Peters is the U.S. Transportation Secretary. She oversees

21  Defendant U.S. Department of Transportation, Federal Highway Administration.

22                     **11.**

PAGE 7 - Complaint for Declaratory and Injunctive Relief and Damages

1    Defendant U.S. Department of Transportation , Federal Highway Administration

2    (hereinafter "FHWA") is an agency of the United States government, and administers the

3    Federal Aid Highway Program in Oregon authorized by 23 U.S.C. § 101 et. seq., including

4    the U.S. 26: Wildwood-Wemme project. FHWA is the lead agency for the U.S. 26:

5    Wildwood-Wemme project.

6                                              12.

7    Defendant Dirk Kempthorne is the U.S. Interior Secretary. He oversees the

8    Defendant U.S. Department of the Interior, Bureau of Land Management.

9                                              13.

10    Defendant U.S. Department of Interior, Bureau of Land Management (hereinafter

11    "BLM"), is an agency of the United States government. It owns the Wildwood Recreation

12    Area in Clackamas County, including the Dwyer Memorial Forest, which is the northeast

13    corner of the Wildwood Recreation area. The area of the Wildwood Recreation Area and

14    Dwyer Memorial Forest located north of U.S. 26 lies partially within the project area of

15    the U.S. 26 highway widening project.

16                                              14.

17    Defendant John Fowler is the Executive Director of the Advisory Council on

18    Historic Preservation.

19                                              15.

20    Defendant Advisory Council on Historic Preservation (hereinafter "ACHP") is an

21    agency of the United States government. It is charged with advising other federal agencies

1    as to the responsibilities and obligations of the latter under the National Historic

2    Preservation Act (hereinafter "NHPA")

3                                    **16.**

4              Defendant Matthew Garrett is the Director of the Oregon Department of

5    Transportation (hereinafter "ODOT"), which is the agent of Defendant FHWA for the

6    Federal Aid Highway Program pursuant to 23 U.S.C. § 315. Defendant Garrett has served

7    as ODOT's Director since December 19, 2005. Claims made against Garrett are under the

8    *Ex Parte Younger* doctrine for his failure to comply with federal law.

9                            **GENERAL ALLEGATIONS**

10                                   **17.**

11             Prior to European settlement, the area of Mount Hood was utilized by several

12   Native American Indian groups, including Sahaptin language groups which include the

13   Klickitat language. In the mid-19th Century, a series of treaties removed Native Americans

14   from these areas to the Yakama (Washington), Grande Ronde and Warm Springs (Oregon)

15   reservations. However, many of these Native Americans resisted removal to the

16   reservations and continued to live along the Columbia River and surrounding areas,

17   including the Cascade Mountains.

18                                   **18.**

19             The Native American history of the Mount Hood area includes complex

20   migrations in search of food sources.  A network of Indian Trails developed throughout

21   the area. The Native Americans established villages, campsites, and burial grounds along

22   these trails. European settlers took advantage of this existing network of trails. Pioneer

PAGE 9 - Complaint for Declaratory and Injunctive Relief and Damages

1    Samuel Barlow utilized such trails, one of which developed into the Barlow Road, the

2    westernmost segment of the Oregon Trail. A number of remnant segments of the Barlow

3    Road traverse the U.S. 26: Wildwood-Wemme project area.  When first constructed, U.S.

4    26, furthermore, roughly paralleled the route of the Indian Trail / Barlow Road.

5                                        **19.**

6        Defendant FHWA and its agent ODOT widened U.S. 26 from two to four lanes in

7    the 1980s. That project included an Environmental Impact Statement (hereinafter "EIS")

8    pursuant to the National Environmental Policy Act (hereinafter "NEPA"), 42 U.S.C. §

9    4321 et seq. During the development of the EIS, archaeologist Richard Pettygrew

10   identified an archaeological site as a potential Barlow Road stone toll booth. This artifact

11   was, and remains, located with the U.S. 26 right-of-way owned by ODOT. It is within

12   the project area for the current U.S. 26: Wildwood-Wemme project.

13                                       **20.**

14       During the 1980s highway widening project, a rock cluster was discovered

15   adjacent to the project area. This rock cluster was located on land owned by Defendant

16   BLM, in the corner of the Wildwood Recreation Area property that is north of U.S. 26;

17   or alternatively, just within the U.S. 26 right-of-way owned by ODOT. This site is

18   within the current project area for the U.S. 16 Wildwood-Wemme project. Pettygrew

19   examined the rock cluster as a potential Pioneer or Native American gravesite, and found

20   no human remains. Pettygrew had no Native Americans on his archaeological team, and

21   the distribution list for his report included no Native Americans. Later, Yakama elder

PAGE 10 - Complaint for Declaratory and Injunctive Relief and Damages

1   Wilfred Yallup independently identified the rock cluster as a burial cairn identifying

2   surrounding graves but not containing a specific grave underneath it.

3                                          **21.**

4          During the 1980s highway widening project, ODOT negotiated with Michael

5   Jones, presently Curator of Plaintiff Cascade Geographic Society and then with Citizens

6   for a Suitable Highway, an agreement for the protection of certain historic, cultural, and

7   natural resources. These included, but were not limited to, the Barlow Road and the

8   potential toll booth associated with it, the rock cluster later identified as a burial cairn, the

9   Dwyer Memorial Forest, and the Mountain Air Park Pillars, all of which were in fact

10  preserved, and were later to be within the project area of the current U.S. 26: Wildwood-

11  Wemme highway widening project.

12                                         **22.**

13         Throughout the 1980s, 1990s, and 2000s, various elders of the Yakama Indian

14  Nation, including, but not limited to, Wilfred Yallup, Leo Aleck, and Plaintiffs Slockish

15  and Jackson, expressed their interest in the Mount Hood area, including the project area

16  of the current U.S. 26: Wildwood-Wemme project, as a Traditional Cultural Property.

17                                         **23.**

18         In 1998, citizens petitioned ODOT to widen U.S. 26 again in the area of the

19  current U.S. 26: Wildwood-Wemme project. Citizens expressed concerns for safety

20  because this stretch of highway did not include a center refuge lane for turns. The project

21  area, approximately 13 miles of Sandy, Oregon, is located in Township 2 South, Range 7

22  East, Sections 30, 31, and 32, Clackamas County. It includes the stretch of highway

PAGE 11 - Complaint for Declaratory and Injunctive Relief and Damages

1   adjacent to Mount Hood Village, the Mountain Air Park subdivision, and the Wildwood

2   Recreation Area.

3                       **24.**

4        In 2001, the Oregon State Historic Preservation Officer, and Defendants ACHP,

5   ODOT, and FHWA signed a Programmatic Agreement (hereinafter "PMOA") Regarding

6   the Implementation of Minor Transportation Projects. This PMOA provides a

7   streamlined process for the parties to address their obligations under section 106 of the

8   National Historic Preservation Act (hereinafter "NHPA"), 16 U.S.C. §§ 470(f) and 470w-

9   4; 36 C.F.R. Part 800. The PMOA lists specific tribes that shall be consulted. These

10   tribes are only Oregon tribes; the PMOA does not include the Yakama Indian Nation, nor

11   any of its confederated tribes such as Plaintiff Klickitat/Cascade Tribe, or the Cascade

12   Tribe.

13                       **25.**

14        Defendant FHWA and its agent ODOT undertook planning for the U.S. 26

15   Wildwood-Wemme project, and in August of 2006 issued its draft Environmental

16   Assessment (hereinafter "draft EA" pursuant to NEPA. The project's Key Number is

17   12840. FHWA and ODOT selected as the "preferred alternative" the "widen to the north"

18   alternative. This alternative would add fourteen (14) feet of paving on the north side of

19   U.S. 26, in order to provide an equal amount of space for a center refuge turn lane in the

20   middle of the highway. This alternative would destroy the rock cluster that Yakama elder

21   Wilfred Yallup had identified as a burial cairn, because this resource was so close to the

PAGE 12 - Complaint for Declaratory and Injunctive Relief and Damages

1    pavement of U.S. 26 to begin with. It would also involve substantial grading, earth

2    moving, and tree removal in the area Plaintiffs identify as a Traditional Cultural Property.

3                                          **26.**

4           The draft EA included a June 10, 2005 archaeological report by archaeologist

5    Patrick O'Grady. This report was not disclosed to the public. The report makes no

6    reference to the potential Barlow Road stone toll booth previously identified by Richard

7    Pettygrew in 1985. O'Grady failed to locate the rock cluster that had been examined by

8    Pettygrew in 1986 and later identified by Yakama elder Wilfred Yallup as a burial cairn.

9    Neither O'Grady, FHWA, nor ODOT provided the report to either the Yakama Indian

10   Nation, Plaintiff Slockish, Plaintiff Jackson, or Plaintiff Logan; nor consulted any of these

11   parties for their input as to the significance of the rock cluster.

12                                         **27.**

13          As part of the EA process, neither Defendant FHWA or its agent ODOT

14   consulted with Plaintiff Klickitat/Cascade Tribe, Plaintiff Slockish, Plaintiff Cascade

15   Tribe, or Plaintiff Jackson, pursuant to Section 101(d)(6)(B) of the NHPA, 16 U.S.C.

16   470a(d)(6)(B); and 36 CFR § 800.2(c)(2)(ii), regarding the Traditional Cultural Properties

17   within the project area.

18                                         **28.**

19          After public hearings and public comment, FHWA and ODOT issued a Revised

20   Environmental Assessment (hereinafter "REA") and Finding of No Significant Impact for

21   the project on February 8, 2007.

22                                         **29.**

PAGE 13 - Complaint for Declaratory and Injunctive Relief and Damages

1    On February 15, 2008, Plaintiffs Carol Logan and CGS, through its Curator,

2 Michael P. Jones, sent memoranda to Defendant FHWA relating that the rock monument

3 identified as a burial cairn had recently been vandalized, and the rocks carried off.

4 Plaintiffs Logan and CGS also requested a new review of the U.S. 26: Wildwood-Wemme

5 project under section 106 of the NHPA. Defendant FHWA responded on February 26,

6 2008 that the Section 106 review prepared with the EA was satisfactory.

7                                            30.

8    Also in February of 2008, Plaintiffs Logan and CGS requested that Defendant

9 ACHP advise Defendant FHWA that an adequate Section 106 review was necessary for

10 the U.S. 26: Wildwood-Wemme project. On April 14, 2008, Defendant ACHP advised

11 Defendant FHWA that because project construction had already commenced, and because

12 no "federally recognized" Indian tribes had come forward to express concerns, no further

13 action was necessary.

14                                            31.

15    On February 28, 2008, Defendant BLM, pursuant to 43 U.S.C. § 1732, issued a

16 permit for tree removal to ODOT in the project area of the U.S. 26: Wildwood to Wemme

17 project. In late March of 2008, contractors for Defendant FHWA and ODOT began

18 cutting trees, including old growth Douglas Fir that comprised the Dwyer Memorial

19 Forest, within the project area. This operation was substantially complete by the end of

20 that month. The permit constituted a federal undertaking under NHPA for which Section

21 106 review was necessary, because the project area constitutes a Traditional Cultural

PAGE 14 - Complaint for Declaratory and Injunctive Relief and Damages

1   Property of the Native American Plaintiffs in this case. No such review or consultation

2   with the Native American Plaintiffs took place prior to the undertaking.

3                                          **32.**

4           On April 8, 2008, Defendant FHWA, pursuant to 23 U.S.C § 139(l)(1), published

5   its Notice of Final Agency Actions on U.S. 26, Wildwood to Wemme: Clackamas

6   County, OR. The Notice appears on pp. 19134-35, Vol. 73, No. 68.

7                                          **33.**

8           At some point unknown to Plaintiffs, FHWA and ODOT determined after issuing

9   the REA that they would have to secure additional right-of-way from Defendant BLM on

10  the north side of U.S. 26. The grant of the right-of-way means that the U.S. 26:

11  Wildwood-Wemme project no longer falls within the 2001 PMOA for minor

12  transportation projects, but instead requires full Section 106 review and a separate

13  memorandum of agreement. Defendant BLM issued a Letter of Consent to grant the right-

14  of-way to Defendant FHWA on April 2, 2008. It is unknown to Plaintiffs at this time

15  whether the right-of-way has actually been granted. The grant of the right-of-way itself

16  constitutes a second, separate federal undertaking under NHPA for which BLM must

17  undertake Section 106 review, because the project area constitutes a Traditional Cultural

18  Property of the Native American Plaintiffs in this case. No such review or consultation

19  with the Native American Plaintiffs has taken place.

20                                         **34.**

21          On April 23, 2008, Plaintiff Slockish sent a memo to ODOT, Defendant FHWA,

22  and Defendant ACHP regarding the status of the Dwyer Memorial Forest as a Traditional

PAGE 15 - Complaint for Declaratory and Injunctive Relief and Damages

1    Cultural Property to him and his people, and the fact that the project area contained

2    burial grounds.  On April 25, 2008, Plaintiff Jackson sent out a similar memo to the same

3    Parties.

4                                                    **35.**

5          The Defendants in this case are required to make decisions that are not arbitrary,

6    capricious, an abuse of discretion, or otherwise not in accordance with law.

7                                                    **36.**

8          On June 20, 2008, Plaintiff CGS filed a Notice of Intent to Appeal in the Oregon

9    Land Use Board of Appeals (hereinafter, "LUBA"), case no. 2008-091. Plaintiff CGS

10   appealed the denial by Clackamas County of CGS's code enforcement request against

11   ODOT for the latter's failure to seek review of the U.S. 26: Wildwood-Wemme project by

12   the Clackamas County Historic Review Board for the project's impacts on the Barlow

13   Trail. LUBA dismissed the case on August 20, 2008. CGS did not appeal the dismissal.

14                                                   **37.**

15         On June 20, 2008, Plaintiff CGS filed a Notice of Intent to Appeal with LUBA,

16   case no. 2008-092. Plaintiff CGS appealed the failure of the Oregon Department of

17   Environmental Quality to comply with Oregon's land use statute in permitting ODOT to

18   undertake clearance, grading, and construction activities pursuant to an NPDES 1200-CA

19   erosion and sediment control permit. This permit covers the U.S. 26: Wildwood-Wemme

20   project. LUBA dismissed this appeal on August 20, 2008. CGS appealed LUBA's final

21   opinion and order to the Oregon Court of Appeals on September 10, 2008. The case is

22   currently pending.

PAGE 16 - Complaint for Declaratory and Injunctive Relief and Damages

1

**38.**

2  On July 7, 2008, Plaintiffs Slockish, Jackson and Logan filed a Notice of Intent to

3 Appeal with LUBA, case no. 2008-101. These Plaintiffs appealed ODOT's U.S. 26:

4 Wildwood-Wemme project due to ODOT's failure to comply with Oregon's land use

5 statutes. The appeal is currently pending before LUBA.

6 **FIRST CLAIM FOR RELIEF: DEFENDANTS PETERS, FHWA AND GARRETT**
7 **VIOLATED THE NATIONAL HISTORIC PRESERVATION ACT IN FAILING TO**
8 **CONSULT WITH THE NATIVE AMERICAN PLAINTIFF TRIBES REGARDING**
9 **THE TRADITIONAL CULTURAL PROPERTIES WITHIN THE U.S. 26:**
10 **WILDWOOD-WEMME PROJECT AREA.**
11
12

**39.**

13  Plaintiffs reallege ¶¶ 1-38.

14

**40.**

15  Defendants Peters, FHWA and Garrett were required to consult with Plaintiffs

16 Klickitat/Cascade Tribe and Cascade Tribe to identify Traditional Cultural Properties

17 within the U.S. 26: Wildwood-Wemme project area prior to commencing the project. 16

18 U.S.C. 470a(d)(6)(B); and 36 CFR § 800.2(c)(2)(ii) They violated these provisions in

19 failing to do so.

20

**41.**

21  Defendants Peters, FHWA and Garrett were required to take into account the

22 effects on these Traditional Cultural Properties of the U.S. 26: Wildwood-Wemme project

23 prior to commencing the project. 16 U.S.C. 470f; and 36 CFR Part 800. They violated

24 these provisions in failing to do so.

1    **SECOND CLAIM FOR RELIEF: DEFENDANTS PETERS, FHWA AND GARRETT**
2    **VIOLATED THE NATIONAL HISTORIC PRESERVATION ACT IN FAILING TO**
3    **ENSURE THAT ITS ARCHAEOLOGIST PATRICK O'GRADY MET THE**
4    **PROFESSIONAL STANDARD OF ARCHAEOLOGISTS IN LOCATING,**
5    **IDENTIFYING, AND EVALUATING THE NATIVE AMERICAN BURIAL CAIRN**
6    **WITHIN THE U.S. 26: WILDWOOD-WEMME PROJECT AREA.**
7
8                                          **42.**
9
10          Plaintiffs reallege ¶¶ 1-38.
11
12                                          **43.**
13
14          As part of their failure to identify Traditional Cultural Properties within the U.S.

15    26: Wildwood-Wemme project area, Defendants Peters, FHWA and Garrett failed to

16    ensure that their agent, archaeologist Patrick O'Grady, met professional standards. 16

17    U.S.C. § 470h-4. 36 CFR § 800.2(a)(1). As part of his archaeological report for the

18    project's Environmental Assessment O'Grady failed to locate the burial cairn within the

19    project area. Because of this failure, he further failed to consult with the Native American

20    Plaintiffs in this case to properly identify the resource. This failure, in turn, resulted in

21    the failure of Defendant's Peters, FHWA and Garrett to properly protect the resource,

22    and it was subsequently destroyed by vandalism.

23    **THIRD CLAIM FOR RELIEF: DEFENDANTS PETERS, FHWA AND GARRETT**
24    **VIOLATED THE NATIONAL HISTORIC PRESERVATION ACT IN FAILING TO**
25    **ADEQUATELY TAKE INTO ACCOUNT THE EFFECTS OF THE U.S. 26:**
26    **WILDWOOD WEMME PROJECT ON THE POTENTIAL STONE TOLL BOOTH**
27    **IDENTIFIED BY RICHARD PETTYGREW IN 1985.**
28
29                                          **44.**
30
31          Plaintiffs reallege ¶¶ 1-38.

32                                          **45.**

PAGE 18 - Complaint for Declaratory and Injunctive Relief and Damages

1    Compliance with Section 106 of the NHPA requires an agency to adequately

2    identify historic properties. 36 CFR § 800.4. Defendants Peters, FHWA and Garrett

3    failed to undertake a sufficiently intensive-level archaeological investigation of the

4    potential stone toll booth first identified by Richard Pettygrew in 1985. Defendants

5    Peters, FHWA and Garrett therefore failed to determine whether this resource is eligible

6    for the National Register of Historic Places, and failed to take into account the effects on

7    this resource of the U.S. 26: Wildwood-Wemme project pursuant to NHPA Section 106.

8    **FOURTH CLAIM FOR RELIEF: DEFENDANTS FOWLER ACHP FAILED TO**
9    **ADEQUATELY ADVISE DEFENDANTS PETERS, FHWA AND GARRETT ON**
10   **THEIR RESPONSIBILITIES UNDER THE NHPA.**
11
12                                    **46.**
13
14    Plaintiffs reallege ¶¶ 1-38.
15
16                                    **47.**
17
18    Defendants Fowler and ACHP have a duty to advise Federal and State agencies on

19    matters relating to historic preservation. 16 U.S.C. §§ 470I-j. It is part of the consultation

20    process under Section 106 of the NHPA. 16 U.S.C. § 470f; 36 CFR Part 800. Defendants

21    Fowler and the ACHP failed to properly advise Defendants Peters, FHWA and Garrett on

22    the necessity to determine whether the U.S. 26: Wildwood-Wemme project area is a

23    Traditional Cultural Property, in consultation with the Native American Plaintiffs. It

24    erred in asserting that such consultation was not required because no "federally-

25    recognized" tribes had expressed concerns about the project. It failed to adequately inform

26    itself of the project details. It failed to advise Defendants Peters, FHWA and Garrett that

27    the necessity to seek additional right-of-way from Defendant BLM meant that the project

1   is not a "minor transportation project" covered by the 2001 PMOA, and that instead a

2   full Section 106 review, with a separate, project-specific Memorandum of Agreement was

3   required for the project pursuant to 36 CFR, Part 800.

4   **FIFTH CLAIM FOR RELIEF: DEFENDANTS KEMPTHORNE AND BLM FAILED**
5   **TO COMPLY WITH THE NHPA IN ISSUING A PERMIT TO CUT TREES TO**
6   **ODOT AND TO DEFENDANT FHWA.**
7
8                                    **48.**
9
10      Plaintiffs reallege ¶¶ 1-38.
11
12                                    **49.**
13
14      The tree cutting permit issued by Defendants Kempthorne and BLM is a federal

15   undertaking pursuant to 16 U.S.C. 470w(7)(C). Defendants Kempthorne and BLM were

16   required to undertake Section 106 review for this undertaking. They failed to do so. As

17   par of the undertaking, Defendants Kempthorne and BLM were required to consult with

18   Plaintiffs Klickitat/Cascade Tribe and Cascade Tribe to identify the project area as a

19   Traditional Cultural Property and take into account the effects of the U.S. 26: Wildwood-

20   Wemme project pursuant to 16 U.S.C. 470a(d)(6)(B) and 36 CFR § 800.2(c)(2)(ii). They

21   failed to do so.

22   **SIXTH CLAIM FOR RELIEF: DEFENDANTS KEMPTHORNE AND BLM HAVE**
23   **FAILED TO COMPLY WITH THE NHPA IN APPROVING A GRANT OF RIGHT-**
24   **OF-WAY TO ODOT AND TO DEFENDANTS PETERS AND FHWA.**
25
26                                    **50.**
27
28      Plaintiffs reallege ¶¶ 1-38.
29
30                                    **51.**
31

1    The grant of a right-of-way by Defendants Kempthorne and BLM is a federal

2    undertaking pursuant to 16 U.S.C. 470w(7)(C). Defendants Kempthorne and BLM were

3    required to undertake Section 106 review for this undertaking. They failed to do so. As

4    part of the undertaking, Defendants Kempthorne and BLM were required to consult with

5    Plaintiffs Klickitat/Cascade Tribe and Cascade Tribe to identify the project area as a

6    Traditional Cultural Property and take into account the effects of the U.S. 26: Wildwood-

7    Wemme project pursuant to 16 U.S.C. 470a(d)(6)(B) and 36 CFR § 800.2(c)(2)(ii). They

8    failed to do so.

9    **SEVENTH CLAIM FOR RELIEF: DEFENDANTS IN THIS CASE, IN VIOLATING**
10   **THE NHPA, ACTED IN A MANNER THAT WAS ARBITRARY AND**
11   **CAPRICIOUS, AN ABUSE OF DISCRETION, OR OTHERWISE NOT IN**
12   **ACCORDANCE WITH LAW**
13
14                                    **52.**
15
16   Plaintiffs reallege ¶¶ 1-38.
17

18                                    **53.**

19   In failing to comply with the NHPA, the Defendants in this case acted in a manner

20   that was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance

21   with law. 5 U.S.C. § 706(2)(A).

22   **EIGHTH CLAIM FOR RELIEF: THE FEDERAL DEFENDANTS BREACHED**
23   **THEIR RESPECTIVE FIDUCIARY RESPONSIBILITIES TOWARDS PLAINTIFFS**
24   **KLICKITAT/CASCADE TRIBE AND CASCADE TRIBE IN VIOLATING THE**
25   **NATIONAL HISTORIC PRESERVATION ACT.**
26
27                                    **54.**
28
29   Plaintiffs reallege ¶¶ 1-38.
30

PAGE 21 - Complaint for Declaratory and Injunctive Relief and Damages

**55.**

The Federal Defendants in this case owe a fiduciary obligation to all Indian Tribes as a class. *Pit River Tribe v. United States Forest Service*, 469 F.3d 768, 788 (9th Cir. 2006). Violations of NHPA constitute a breach of this fiduciary obligation. *Id*. In violating NHPA, the Federal Defendants breached their fiduciary obligations to the Klickitat/Cascade Tribe and Cascade Tribe.

**NINTH CLAIM FOR RELIEF: IN VIOLATING THE NHPA, THE DEFENDANTS VIOLATED THE DUE PROCESS RIGHTS OF PLAINTIFFS SLOCKISH, JACKSON, AND LOGAN.**

**56.**

Plaintiffs reallege ¶¶ 1-38.

**57.**

In violating the NHPA, the Defendants have violated the due process rights guaranteed to Plaintiffs Slockish, Jackson, and Logan under the Fifth and Fourteenth Amendments to the U.S. Constitution.

WHEREFORE, Plaintiffs pray for the following relief:

    (1) An order declaring that the Defendants have violated the National Historic Preservation Act, and in so doing:

        a. The Federal Defendants have breached their respective fiduciary obligations to the Klickitat/Cascade Tribe and the Cascade Tribe; and

        b. All of the Defendant's have violated the due process rights of Plaintiffs Slockish, Jackson, and Logan.

(2) An order for preliminary injunction prohibiting Defendants Kempthorne and BLM from granting a right-of-way to ODOT and Defendants Peters and FHWA -- if this has not yet occurred -- until the former comply with their obligations under the NHPA.

(3) An order for a permanent injunction for the relief requested in paragraph (2) above, as well as for:

   a.  The requirement that Defendants consult with the Plaintiffs regarding the Native American Traditional Cultural Property within the U.S. 26: Wildwood-Wemme project area.

   b.  The requirement that Defendants comply with Section 106 of the NHPA and 36 CFR Part 800, and memorialize this compliance with a Memorandum Agreement among themselves and with Plaintiffs.

   c.  The requirement that the Defendants undertake appropriate remedial measures to address appropriately the damage to the Native American Traditional Cultural Property located within the U.S. 26: Wildwood-Wemme project area.

   d.  The requirement that the Defendants Peters, FHWA and Garrett undertake an archaeological survey on the resource identified by Pettygrew in 1985 to determine if in fact it is a toll booth associated with the Barlow Road.

(4) An order assessing actual and punitive damages against the Federal Defendants for their breach of their fiduciary obligations to the Klickitat/Cascade Tribe and the Cascade Tribe.

(5) An order assessing actual and punitive damages against the Defendants for violations of the due process rights of Plaintiffs Slockish, Jackson, and Logan.

(6) An order awarding Plaintiffs their reasonable costs, fees and expense in this action, including reasonable attorney fees, pursuant to 16 U.S.C. § 470w-4 and 42 U.S.C. § 1988.

(7) An order imposing all other and further relief as to which Plaintiffs may be entitled and which the Court may deem just and equitable.

1    DATED October 6, 2008

2

3    Respectfully Submitted,

4

5

6    James J. Nicita

7    OSB No. 024068

8    302 Bluff Street

9    Oregon City, OR   97045

10   (503) 650-2496          voice

11   james.nicita@gmail.com

12

13   Of Attorney for Plaintiffs

PAGE 24 - Complaint for Declaratory and Injunctive Relief and Damages