FILED'10 JAN 27 16:29USDC-ORP

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HEREDITARY CHIEF WILBUR SLOCKISH, a resident of Washington, individually and as Hereditary Chief of the Klickitat/Cascade Tribe; THE KLICKITAT/CASCADE TRIBE, a confederated tribe of the Yakama Indian Nation; CHIEF JOHNNY JACKSON, a resident of Washington, individually and as Chief of the Cascade Tribe; THE CASCADE TRIBE, a confederated tribe of the Yakama Indian Nation; CAROL LOGAN, a resident of Oregon; CASCADE GEOGRAPHIC SOCIETY, an Oregon nonprofit corporation; and MOUNT HOOD SACRED LANDS PRESERVATION ALLIANCE, an unincorporated nonprofit association, | 08-CV-1169-ST ORDER Portland Division |

       Plaintiffs,

v.

UNITED STATES FEDERAL HIGHWAY
ADMINISTRATION, an Agency of
the Federal Government; UNITED
STATES BUREAU OF LAND
MANAGEMENT, an Agency of the
Federal Government; ADVISORY
COUNCIL ON HISTORIC PRESERVATION,
an Agency of the Federal
Government; and MATTHEW GARRETT,
Director of the Oregon Department
of Transportation, an Agency of
the State of Oregon,

       Defendants.

1   -   ORDER

**BROWN, Judge.**

Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#48) on October 27, 2009, in which she recommended the Court grant Defendants' Motion (#28) to Dismiss without prejudice Plaintiffs' Tenth, Eleventh, and Twelfth Claims.  The Magistrate Judge also recommended the Court grant Defendants' Motion (#28) to Dismiss as to Plaintiffs Wilbur Slockish, Johnny Jackson, the Klickitat Tribe, and the Cascade Tribe for lack of standing.

Defendants filed timely Objections to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## BACKGROUND

Plaintiffs allege Defendants violated federal statutes under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, *et seq.* (1970); the National Historic Preservation Act (NHPA), 16 U.S.C. §§ 470, *et seq.* (1994); and the Department of

2   -   ORDER

Transportation Act (DTA), 49 U.S.C. § 303 (1994), when they planned, approved, and constructed a highway-widening project (the Project) on Highway 26 in Oregon between the villages of Wildwood and Wemme near the town of Welches, Oregon.  Plaintiffs allege in part that Defendants violated various statutory notice and process provisions when they prepared and undertook the Project without proper consideration of the impact on federally protected cultural, historical, and ecological resources.  In their First Amended Complaint, Plaintiffs seek declaratory and injunctive relief, including "all other and further relief to which Plaintiffs may be entitled and which the Court may deem just and equitable."

## DISCUSSION

Neither party raises any objection to the Magistrate Judge's recommendation that this Court dismiss Plaintiffs' Tenth, Eleventh, and Twelfth Claims or that the Court dismiss Plaintiffs Slockish, Jackson, the Cascade Tribe, and the Klickitat Tribe for lack of standing.  Defendants, however, object to other aspects of the Magistrate Judge's Findings and Recommendation on two grounds:  (1) the Court should dismiss this matter as moot and (2) Plaintiff Cascade Geographic Society (CGS) lacks standing to challenge Defendants' actions in this matter.

3   -   ORDER

I.   **Mootness.**

Defendants object to the Findings and Recommendation and assert that Plaintiffs' claims are moot on two bases:  (1) the fact that the Project is nearly complete, and, therefore, this Court arguably cannot provide any effective relief to Plaintiffs and (2) the Court cannot order the completed highway widening project to be "undone."  Although Plaintiffs contend Defendants' Objections are "new," they are, in fact, essentially the same as the arguments they made in the Memorandum in Support of their Motion and their Reply but with additional authorities cited to support them.

The Magistrate Judge addressed Defendants' mootness arguments at length in the Findings and Recommendation and concluded Defendants "failed to meet their burden to show that this case is moot."  Although the Magistrate Judge did not explicitly include in her Recommendation that this Court deny Defendant's Motion to Dismiss all of Plaintiffs' claims as moot, the Court construes the Magistrate Judge's discussion of this issue and conclusion as part of the Recommendation and, accordingly, reviews it *de novo*.

A.   **Court's Authority under the Administrative Procedures Act (APA) to Remedy Violations of Public Law by Government Agencies.**

The Magistrate Judge found the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706 (2006), governs the Court's review of

4   -   ORDER

Plaintiffs' claims under NEPA, NHPS, and DTA.  The APA permits the Court to "hold unlawful and set aside agency action, findings and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2).  *See, e.g., N. Idaho Cmty. Action Network v. U.S. Dep't of Transp.,* 545 F.3d 1147, 1152 (9th Cir. 2008)(APA governs the court's review under NEPA and the DTA § 303); *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1098-99 (9th Cir. 2005) (APA governs the court's review under § 106 of the NHPA).  The Magistrate Judge also concluded § 706(2) of the APA confers broad equitable authority on courts to remedy violations of public law by governmental agencies.  *See, e.g., Northwest Envtl. Def. Ctr. v. Bonneville Power Admin.,* 477 F.3d 668, 689-71 (9th Cir. 2007) (When "the public interest is involved, 'equitable powers assume an even broader and more flexible character than when only a private controversy is at stake.'")(citing *United States v. Alisal Water Corp.*, 431 F.3d 643, 654 (9th Cir.2005)); *Tinoqui Chalola Council of Kitanemuk and Yowlumne Tejon Indians v. U.S. Dep't of Energy*, 232 F.3d 1300, 1305 (9th Cir. 2000)(the court retains "broad discretion to fashion equitable remedies" under APA § 706(2)).  This Court agrees.

**B.   Plaintiff's Claims Are Not Moot Because the Court Can Provide Plaintiffs with an Effective Remedy.**

As the Magistrate Judge stated, the bar for establishing

mootness in the Ninth Circuit is high. *See, e.g., Cantrell
v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001)
("[D]efendants in NEPA cases face a particularly heavy burden in
establishing mootness."). Thus, a claim is not moot if "any
effective relief" may be provided. *See Tinoqui Chalola Council*,
232 F.3d at 1305. *See also Northwest Envtl. Def. Ctr. v. Gordon*,
849 F.2d 1241, 1244-45 (9th Cir. 1988)("[T]he question is not
whether the precise relief sought at the time the application for
an injunction was filed is still available. The question is
whether there can be *any* effective relief.")(quoting *Garcia v.
Lawn*, 805 F.2d 1400, 1403 (9th Cir. 1986)(emphasis in original)).

The Magistrate Judge pointed out the Ninth Circuit has held
the fact that a challenged project is completed during litigation
does not necessarily moot a plaintiff's challenge to the process
an agency undertook to approve a project, particularly when there
is an ongoing harm to the plaintiff's interests. *See, e.g.,
Cantrell*, 241 F.3d at 678 (destruction of the building the
plaintiffs sought to enjoin did not moot the plaintiffs' case
because additional study by the defendants could have led to
remedial actions to mitigate alleged harm to birds); *Gordon*, 849
F.2d at 1244-45 (end of 1986 fishing season did not moot
challenge to fishing regulations because additional study might
dictate defendants should take mitigating actions in subsequent
fishing seasons).

6   -   ORDER

The Magistrate Judge also found ongoing harm to Plaintiffs'
interests in cultural and historical assets that may remain in
the Project area.  The Magistrate Judge also set out several
potential avenues of relief this Court might order to remedy any
violation of the law by Defendants such as an order for
"defendants to carry out additional review of the alleged
cultural and historical resources in the project area in
compliance with the NHPA, NEPA, and [DTA]."  Moreover, the
Magistrate Judge concluded the Court could enjoin future work on
the Project, order removal of offending portions of the Project,
or order mitigation of the harm to cultural resources such as
monuments or markers.  The Magistrate Judge, therefore,
concluded the Court could provide some form of effective relief
to Plaintiffs if the Court determines Defendants violated the
law.

Defendants, nonetheless, maintain there is not any ongoing
harm to Plaintiffs' interests that could be remedied by this
Court.  In particular, Defendants contend the Project is nearly
complete and all of the damage that could have been done has been
done. Defendants rely on cases in which a completed mining or
culling project was sufficient to moot challenges to those
projects. *See, e.g., Feldman v. Boman*, 518 F.3d 637 (9th Cir.
2008)(completed culling of feral pigs mooted humane group's
challenge to the plan); *Sierra Club v. Penfold*, 857 F.2d 1307

7  -  ORDER

(9th Cir. 1988)(completed mining project mooted challenge to stop mining because the court could not order the mine to be "unmined.").  Plaintiffs, however, point out that here cultural and historical artifacts such as burial grounds, historic buildings, and trails may have been disturbed or paved over, and, as the Magistrate Judge noted, interests in these artifacts are distinguishable from interests in living things or resources that have been removed or killed and cannot be restored.  In any event, the record before the Magistrate Judge was not sufficient to establish conclusively that such resources have been entirely destroyed and are unrecoverable.  Thus, Plaintiffs' ongoing interests in the cultural and historical resources that underlie their First through Seventh Claims render this matter a "live" controversy.  *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612 (9th Cir. 2000).

> **C.  The Court Has Equitable Power to Order the Project Removed.**

Defendants contend the Court cannot order Defendants to remove offending sections of the now-widened Highway 26, a potential avenue of relief suggested by the Magistrate Judge, because such relief is beyond the Court's equitable authority. Defendants contend even though the federal Defendants approved the Project, agents of the state of Oregon carried out the project's construction and the Court cannot order the State to dismantle the Project.

8  -  ORDER

As noted, the Court's equitable authority in this case is substantial and may take a number of forms to remedy violations of federal law. The Court points out that Defendant Matthew Garrett, Director of the Oregon Department of Transportation, is a party to this matter, which gives rise to a potential for equitable relief such as an order directing him to remove offending portions of Highway 26. *See, e.g., Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397-98 (9th Cir. 1992) (concluding a court could enjoin state actors pursuant to NEPA under a number of circumstances where a project involves federal-state cooperation). Moreover, as the Magistrate Judge noted, the Ninth Circuit has held in the context of a NEPA claim that the removal of portions of a highway project is within the remedial powers of the court under the APA. *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) ("[O]ur remedial powers would include remanding for additional environmental review and, conceivably, ordering the interchange closed or taken down.").

Plaintiffs contend Defendants did not notify parties who were required to be involved in the developmental process of the Project and Defendants did not adequately study the impact of the Project on historical, cultural, and ecological resources. The Court concludes it would be poor practice to dismiss claims as moot in instances where governmental agencies move swiftly and without appropriate consideration to complete a project before

9  -  ORDER

lawsuits challenging such projects may be brought.  *See Cantrell*,
241 F.3d at 678 ("[W]e have repeatedly emphasized that if the
completion of the action challenged under NEPA is sufficient to
render the case nonjusticiable, entities 'could merely ignore the
requirements of NEPA, build its structures before a case gets to
court, and then hide behind the mootness doctrine.  Such a result
is not acceptable.'")(citing *West v. Sec'y of Dep't of Transp.*,
206 F.3d 920, 925 (9th Cir. 2000).

     If the Court determines additional study of cultural,
historical, or ecological resources is required by law,
Defendants may, for example, be required to modify or to remove
portions of the Project or to take additional mitigating actions
to protect cultural, ecological, or historical resources in
accordance with any new agency findings.  It is premature, in any
event, at this stage of the case to set the precise parameters of
the Court's equitable authority.  Such a determination will best
be made in any remedial phase of this litigation after the facts
have been established and the legal issues have been decided.
Thus, the Court concludes the Magistrate Judge did not err in
making the limited finding at this stage of the proceedings that
some effective relief remains available to Plaintiffs in this
litigation.  In short, the Court concludes this matter is not
moot.


10  -   ORDER

## II.   Standing.

In its Motion to Dismiss, Defendants asserted Plaintiffs Slockish, Jackson, Cascade Tribe, and Klickitat Tribe do not have standing to challenge Defendants' actions.  In the Findings and Recommendation, the Magistrate Judge agreed with Defendants and recommends this Court grant Defendants' Motion to Dismiss as to each of those Plaintiffs for lack of standing.  The Magistrate Judge also specifically found Plaintiffs Carol Logan and Mount Hood Sacred Lands Preservation Alliance (MHSLPA) have standing to challenge Defendants' actions.  Neither Plaintiffs nor Defendants object to these portions of the Findings and Recommendation.

Defendants, however, assert for the first time in their Objections that Plaintiff CGS also does not have standing to challenge Defendants' actions.  Because Defendants raise this argument for the first time in their Objections to the Findings and Recommendation, the Court has discretion whether to consider the issue.  *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002).  *See also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)(concurs with the First Circuit that "an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.") (citation omitted).

Defendants point out that the Magistrate Judge noted the record did not contain sufficient allegations by CGS to support

11  -   ORDER

its standing as an organization.  The Magistrate Judge, however,
merely observed CGS "makes no such allegation[s]."  Moreover,
the Court notes because Defendants did not raise this standing
argument in its original Motion to Dismiss, CGS did not have an
opportunity to assert any bases for standing.  In any event, the
Magistrate Judge correctly pointed out that when a court has
established a single plaintiff (like Logan and MHSLPA in this
case) has standing, the court need not determine whether the
remaining plaintiffs have standing to maintain the action.  *See*
*Clinton v. City of New York*, 524 U.S. 417, 431 n.19 (1998).  *See*
*also Nat'l Ass'n of Optometrists & Opticians LensCrafters v.*
*Brown*, 567 F.3d 521, 523 (9th Cir. 2009)("As a general rule, in
an injunctive case this court need not address standing of each
plaintiff if it concludes that one plaintiff has standing.").

     For these reasons, the Court, in the exercise of its
discretion, does not reach the issue of CGS's standing on this
record.

**III.  Factual Error.**

     Plaintiffs assert in footnote one of their Response to
Defendants' Objections that the Magistrate Judge erred when she
found Defendants destroyed an historic stone toll booth during
work on the Project.  Plaintiffs assert this stone toll booth
still exists within the Project area.

     Initially, the Court notes Plaintiffs' objection is

12  -   ORDER

untimely.   Plaintiffs filed their Response to Defendant's
Objections on November 30, 2009, two weeks past the Magistrate
Judge's deadline to file objections.   In addition, the record is
unclear as to whether the stone toll booth exists and as to the
impact Defendants' actions may have had, in part, because, as
Plaintiffs allege, Defendants did not properly assess the
cultural and historical resources in the Project area.   Thus, the
Court cannot evaluate this issue on the existing record.   In any
event, the Magistrate Judge's finding as to the stone toll booth
was not essential to the Magistrate Judge's determination of
Defendants' Motion to Dismiss.

   In summary, the Court has carefully considered Defendants'
Objections and concludes they do not provide a basis to modify
the Findings and Recommendation.   The Court also has reviewed the
pertinent portions of the record de novo and does not find any
error in the Magistrate Judge's Findings and Recommendation.


<u>**CONCLUSION**</u>

   For these reasons, the Court **ADOPTS** Magistrate Judge
Stewart's Findings and Recommendation (#48) and specifically
**ADOPTS** the Magistrate Judge's conclusion that Defendants did not
meet their burden to prove Plaintiffs' claims are moot.   The
Court, therefore, **GRANTS** Defendants' Motion to Dismiss
Plaintiffs' Tenth, Eleventh, and Twelfth Claims **without**

13  -   ORDER

**prejudice;** **GRANTS** Defendant's Motion to Dismiss as to Plaintiffs Slockish, Jackson, Cascade Tribe, and Klickitat Tribe for lack of standing; and **DENIES** Defendants' Motion to Dismiss this matter as **moot.**

     IT IS SO ORDERED.

     DATED this 27th day of January, 2010.


                                 ANNA J. BROWN
                                 United States District Judge

14 -  ORDER