IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HEREDITARY CHIEF WILBUR                   3:08-CV-1169-ST
SLOCKISH, a resident of
Washington and an enrolled                ORDER
member of the Confederated
Tribes and Bands of the
Yakima Nation, *et al.*,

      Plaintiffs,

v.

UNITED STATES FEDERAL
HIGHWAY ADMINISTRATION,
an Agency of the Federal
Government, *et al.*,

      Defendants.


BROWN, Judge.

      On September 21, 2011, Magistrate Judge Janice M. Stewart

issued Findings and Recommendations (#122) recommending this

Court **GRANT in part** and **DENY in part** Federal Defendants' Motion

1 - OPINION AND ORDER

(#104) for Judgment on the Pleadings and **GRANT** State Defendant Matthew Garrett's[1] Motion (#105) for Judgment on the Pleadings. The Magistrate Judge also recommends this Court **GRANT in part** and **DENY in part** Plaintiffs' Renewed Motion (#107) to Supplement the Record and to Compel Discovery.

## STANDARDS

When any party objects to any portion of the magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).  The court is relieved of its obligation to review the factual record *de novo* as to any portion of the Findings and Recommendation to which the parties do not object.  *Reyna-Tapia*, 328 F.3d at 1121, and reviews only the magistrate judge's conclusions of law *de novo*.  *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

This matter is before the Court in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for *de novo*

---

[1] Matthew Garrett is the Director of the Oregon Department of Transportation, and Plaintiffs allege he is an agent of Federal Defendants as to Plaintiffs' claims asserted in this case.

2 - OPINION AND ORDER

review of the Magistrate Judge's Findings and Recommendations.

The matter is also before the Court in accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) to determine whether the Magistrate Judge's Findings and Recommendations as to Plaintiffs' nondispositive Renewed Motion to Supplement the Record and Compel Discovery is clearly erroneous or contrary to law.

For the following reasons, the Court (1) **ADOPTS** the Magistrate Judge's Findings and Recommendation as to Federal Defendants' Motion for Judgment on the Pleadings and, accordingly, **GRANTS in part** and **DENIES in part** the Motion; (2) **ADOPTS** the Magistrate Judge's Findings and Recommendation as to State Defendant Matthew Garrett's Motion for Judgment on the Pleadings and, accordingly, **GRANTS** the Motion; and (3) **REFERS** Plaintiffs' Renewed Motion to Supplement the Record and to Compel Discovery to the Magistrate Judge for further proceedings as set forth herein.


## <u>BACKGROUND</u>

Plaintiffs allege in their Second Amended Complaint that between July 2008 to July 2009 Federal Defendants' road-widening project on Highway 26 in the vicinity of the Wildwood Recreation Area near Welches, Oregon, severely damaged Plaintiffs' sacred burial grounds, traditional campsite, and other historic,

3 - OPINION AND ORDER

cultural, and natural resources.  As a result of the project,
Plaintiffs contend their access route from the highway to the
campsite was blocked.

Plaintiffs assert Defendant Garrett, acting in his capacity
as Director of the Oregon Department of Transportation, was
involved with Federal Defendants in the road-widening project.

Plaintiffs contend each of the Defendants' actions in the
course of the road-widening project violated Plaintiffs' rights
to due process under the Fifth Amendment and their rights to
exercise their religion freely under the First Amendment to the
United States Constitution, and the Public Trust Doctrine.

Plaintiffs also allege each of the Defendants violated the
following procedural and substantive federal statutes during the
road-widening project:  National Environmental Policy Act (NEPA),
42 U.S.C. § 4231, *et seq.;* Administrative Procedures Act (APA),
5 U.S.C. § 701, *et seq.;* the National Historic Preservation Act
(NHPA), 16 U.S.C. § 470, *et seq.;* Federal Land Policy Management
Act (FLPMA), 43 U.S.C. § 1701, *et seq.;* Archeological Resources
Protection Act, 16 U.S.C. § 470, *et seq.;* Native American Graves
Protection and Repatriation Act, 25 U.S.C. § 3001, *et seq.;* and
Section 4(f) of the Department of Transportation Act, 49 U.S.C.
§ 303 and 23 U.S.C. § 138.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

Federal Defendants and State Defendant Garrett filed separate Motions for Judgment on the Pleadings.

### Standards

Federal Rule of Civil Procedure 12(c) provides in relevant part:

> After pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law."  Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011).  A party "is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

### Federal Defendants' Motion

**I.   Plaintiffs' 12th Claim regarding Due Process under the Fifth Amendment**

Federal Defendants move for judgment on the pleadings against Plaintiffs' 12th Claim in which Plaintiffs allege Federal Defendants, without due process of law, deprived Plaintiffs of their liberty interests under the Fifth Amendment to travel freely; to associate; to maintain and to express their

traditional culture; and to exercise their religion.

The Magistrate Judge recommends the Court grant Federal Defendants' Motion as to Plaintiffs' 12th Claim in all respects except as to Plaintiffs' due-process claim relating to the free exercise of religion.  The Magistrate Judge recommended this Court deny Federal Defendants' Motion because disputes of material fact exist relating to the "heart of the parties' dispute"; *i.e.,* whether Plaintiffs had adequate notice of the actions that Federal Defendants were taking in regard to the road-widening project "that cannot be resolved on the pleadings."

Neither Plaintiffs nor Federal Defendants objected to the Magistrate Judge's Findings and Recommendation as to this claim. Accordingly, having reviewed the Magistrate Judge's conclusions of law *de novo*, the Court does not find any error.  The Court, therefore, **ADOPTS** the Magistrate Judge's Findings and Recommendation as to Federal Defendants' Motion for Judgment on the Pleadings regarding Plaintiffs' 12th Claim and, accordingly, **DENIES** Federal Defendants' Motion as to Plaintiffs' 12th Claim to the extent that Plaintiffs allege Federal Defendants violated Plaintiffs' liberty interest in the free exercise of their religion without due process of law and **GRANTS** Federal Defendants' Motion as to Plaintiffs' 12th Claim to the extent that Plaintiffs allege Federal Defendants violated Plaintiffs' liberty interest in their right to travel, to associate freely,

and to maintain and to express their traditional culture without due process of law.

## II.   Plaintiffs' 13th Claim as to the Free Exercise of Religion under the First Amendment

Federal Defendants move for judgment on the pleadings against Plaintiffs' 13th Claim in which Plaintiffs allege Federal Defendants interfered with Plaintiffs' First Amendment right to freely exercise their religion.

Plaintiffs allege by "undertaking prayer, meditation, and other spiritual activities in the historic campground, [Plaintiffs] were exercising their religion and engaging in religious activities."  Plaintiffs further allege Federal Defendants,

> by damaging and destroying the historic campground through tree cutting and removal, grading, and ultimately burying the campground, and by blocking off access to the campground by installation of a new guardrail [] "substantially burdened and interfered with [Plaintiffs'] exercise of their religion, with no compelling reason.

Second Am. Compl., ¶ 92.

Viewing Plaintiffs' allegations as true, the Magistrate Judge was unable to "conclude as a matter of law that [the road-widening project] has not substantially burdened plaintiff's free exercise of religion."  Accordingly, the Magistrate Judge recommends this Court deny Federal Defendants' Motion.

Federal Defendants object to the Magistrate Judge's Findings and Recommendation on the ground that Plaintiffs failed to establish a *prima facie* case that Federal Defendants' activities actually burdened Plaintiffs' exercise of their religion in a substantial manner as required under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, which provides in relevant part:

> (a) Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.
> (b) Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person–
>
> > (1) is in furtherance of a compelling governmental interest; and
> >
> > (2) is the least restrictive means of furthering that compelling governmental interest.

To establish a *prima facie* claim under RFRA, Plaintiffs must plead and prove (1) "the activities the plaintiff claims are burdened by the government action must be an 'exercise of religion'" and (2) "the government action must 'substantially burden' the plaintiff's exercise of religion." *Navaho Nation v. U.S. Forest Svc.,* 535 F.3d 1058, 1069 (9th Cir. 2008), *cert denied,* 129 S. Ct. 2763 (2009). If Plaintiffs establish a *prima facie* case, the burden shifts to the government to prove its

actions further a "compelling governmental interest" and that the actions are implemented by "the least restrictive means." *See* 42 U.S.C. § 2000bb-1(b).

The Magistrate Judge concludes disputed facts exist as to whether the alleged consequences of Federal Defendants' road-widening project force Plaintiffs "to act contrary to their religious beliefs" and "whether the Federal Defendants took the least restrictive means for implementing the Project."

Federal Defendants object to the Magistrate Judge's conclusion and argue the Supreme Court, when addressing the same issue in *Lyng v. Northwest Indian Cemetery Protective Association,* 485 U.S. 439 (1998), reached a different conclusion. In *Lyng* the Supreme Court concluded construction of a logging road through an Indian sacred site did not prevent the plaintiffs from exercising their religion even though it was undisputed that it could have "devastating effects on traditional Indian religious practices" and their "personal spiritual development" as well as pose an "extremely grave" threat "to the efficacy of at least some religious practices."  485 U.S. at 451-52.

The Magistrate Judge distinguishes *Lyng* by pointing out that construction of the guardrail on Highway 26 prevents Plaintiffs from having any access to their religious site, and, in addition, religious artifacts at the site were destroyed.  The Magistrate

Judge concludes disputed fact exist as to whether Plaintiffs "may be forced to act contrary to their religious beliefs . . . [w]ithout the artifacts and free access to the site."

After reviewing the record *de novo*, the Court agrees with the Magistrate Judge and concludes there are disputes of fact that preclude the entry of summary judgment as to Plaintiffs' 13th Claim based on Plaintiffs' free exercise of religion under the First Amendment.

Accordingly, the court **ADOPTS** the Magistrate Judge's Findings and Recommendation as to Federal Defendants' Motion for Judgment on the Pleadings against Plaintiffs' 13th claim and **DENIES** this part of Federal Defendants' Motion.

## III. Plaintiffs' 14th Claim regarding the Public Trust Doctrine

Federal Defendants move for judgment on the pleadings against Plaintiffs' 14th Claim in which Plaintiffs allege Federal Defendants interfered with Plaintiffs' First Amendment right to freely exercise their religion.

Plaintiffs allege Defendant Bureau of Land Management (BLM) manages the sacred, historic, cultural, and natural resources at issue in this case and must protect those resources under the Public Trust Doctrine.  Plaintiffs further allege the destruction and damage wrought by the Federal Defendants' road-widening project amounts to a breach of the public trust.

10 - OPINION AND ORDER

The Magistrate Judge concludes and Plaintiffs do not dispute the Ninth Circuit has held the Public Trust Doctrine only applies to state actions and has never been applied to permit an action for breach of trust against federal government agencies. *See Alaska Const. Legal Fund v. Kempthorne*, 198 Fed. App'x 601, 601 (9th Cir. 2006).

After reviewing the record *de novo*, the Court concurs with and **ADOPTS** the Magistrate Judge's Findings and Recommendation as to Federal Defendants' Motion for Judgment on the Pleadings against plaintiffs' 14th Claim and **GRANTS** this part of Federal Defendants' Motion.

## Defendant Garrett's Motion

Defendant Garrett moves for judgment on the pleadings based on his immunity under the Eleventh Amendment and Plaintiffs' consequent failure to state a claim against him.

At all material times, Garrett was Director of the Oregon Department of Transportation.  Plaintiffs assert claims against Garrett arising from acts that he allegedly performed in his official capacity.  Those claims, therefore, are deemed to be claims against the State of Oregon subject to the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather

is a suit against the official's office.  As such, it is no different from a suit against the State itself.").

"The Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive" (*e.g.,* a claim for money damages).  *Bair v. Krug,* 853 F.2d 672, 675 (9th Cir. 1988). "A State, [however], may waive its Eleventh Amendment sovereign immunity at its pleasure." *Virginia Office for Protection and Advocacy v. Steward III,* 131 S. Ct. 1632, 1639 (2011).

The Magistrate Judge finds the State of Oregon did not waive its right to sovereign immunity under the Eleventh Amendment, and, therefore, the Court's power to fashion a remedy is "limited to prospective injunctive relief" that does "not include a retroactive award [requiring] the payment of funds from the state treasury." *See Edelman v. Jordan,* 415 U.S. 651, 677 (1974).  The injunctive relief sought by Plaintiffs, however, would require Garrett, *inter alia,*

> to undertake remedial measures, including but not limited to landscaping, and interpretive marking and signage, to address the damage to the sacred, historic, cultural, and natural resources located within the . . . project area
>
> * * *
>
> [and] to restore [the historic campground] through  appropriate plantings and

> landscaping, and return it to use for the
> religious purposes of [plaintiffs] and others
> similarly situated.

Second Am. Compl. at 37, ¶¶ 4(c) and (e).

The Magistrate Judge finds the relief sought by Plaintiffs would necessarily involve and require restoration of the previously destroyed religious site and, in effect, impose liability and award relief "for past acts."  The Magistrate Judge also finds such retrospective injunctive relief "*would necessarily require the expenditure of state funds*" (emphasis added).  The Magistrate Judge concludes Plaintiffs' argument that they seek only prospective injunctive relief, which would otherwise be permitted under the *Ex Parte Young,* 209 U.S. 123 (1908), exception to Eleventh Amendment sovereign immunity, was misplaced.  *See Virginia Office for Protection and Advocacy,* 131 S. Ct. at 1639 (*Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury.").  This Court concurs.

Accordingly, the Court also agrees with the Magistrate Judge's conclusion that Plaintiffs are not entitled to declaratory relief relating to future harm that may result from Garrett's actions and/or for damages under 42 U.S.C. § 1983 arising from the actions that he has already taken in his capacity as a state official.

13 - OPINION AND ORDER

After reviewing the record *de novo*, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation as to Defendant Garrett's Motion for Judgment on the Pleadings and **GRANTS** the Motion.

## PLAINTIFFS' RENEWED MOTION TO SUPPLEMENT THE RECORD AND TO COMPEL DISCOVERY

Plaintiffs seek extra-record discovery to establish that their cultural, religious, and historical use and interest in their campgrounds have been adversely impacted by Federal Defendants' road-widening project on Highway 26.

The procedural requirements related to this action are governed by the APA.  The Court's review of the government's actions, therefore, is limited to the existing Administrative Record compiled by the government subject to supplementation in limited circumstances for the purpose of determining whether (1) the agency considered all factors and explained its decision, (2) the agency relied on documents that were not in the record, (3) supplementation is necessary to explain technical terms, and/or (4) Plaintiffs showed bad faith on the part of the agency. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Svc.*, 450 F.3d 930, 943 (9th Cir. 2006).

The Magistrate Judge recommends Federal Defendants supplement the Administrative Record to fill "gaps" as to whether

14 - OPINION AND ORDER

they properly consulted with those tribes that allege they have
been adversely affected by the road-widening project as required
under the National Historic Preservation Act (NHPA), 16 U.S.C.
§§ 470-770x-6, and the Native American Graves Preservation and
Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001-13.  The Magistrate
Judge, however, rejects Plaintiffs' contention that discovery
should be allowed based on their bad faith and constitutional
claims against Federal Defendants.

Federal Defendants object to the Magistrate Judge's
recommendation that supplementation of the record and/or
discovery is appropriate as to the adequacy of their consultation
with Plaintiffs on the ground that such consultation was not
required under either NHPA or NAGPRA.

I.   **<u>NHPA</u>**.

Federal Defendants assert the consultation provisions in
NHPA apply only to "the governments of federally-recognized
Indian Tribes." *See Te Moak Tribe of Western Shoshone of Nev.
v. United States,* 608 F.3d 592, 608 n.19 (9th Cir. 2010)(NHPA
consultation requirements extend only to "federal recognized
tribes.").  *See also* C.F.R. § 800.2(c)(2)(ii)(C)("Consultation
with an Indian tribe must recognize the government-to-government
relationship between the Federal Government and Indian tribes.").
Federal Defendants, however, assert Plaintiffs are not members

15 - OPINION AND ORDER

of a federally-recognized tribe, and, accordingly, Federal
Defendants are not required to consult with Plaintiffs under
NHPA.

Plaintiffs concede they are "hereditary chiefs of tribes"
that "are not federally recognized" and, therefore, are not
specifically entitled to consultation.  Nevertheless, they assert
they are entitled to consultation under NHRA as "interested
members of the public."

The Magistrate Judge finds

> [a] preliminary issue is whether plaintiffs
> have standing under the NHPA to assert a duty
> by [Federal Defendants] to consult with them
>
> either as members of a federally recognized
> tribe or as interested parties.  Plaintiffs
> clearly are permitted to submit affidavits
> and declarations outside the Administrative
> Record to support their interest in and use
> of the site for the purpose of establishing
> standing under the NHPA.

Findings and Recommendation at 30.  The Magistrate Judge then
sets "the issue of standing aside" and proceeds to address the
merits of the Federal Defendants' "consultation" and notes
"Federal Defendants contend they fully complied with any duty to
consult because they considered all information submitted by
plaintiffs."  *Id.* at 30.  The Magistrate Judge finds two members
of Plaintiffs' tribe "had the opportunity to comment on the
Project."  The Magistrate Judge, however, concludes "it is

16 - OPINION AND ORDER

unclear as to what efforts were made to consult with all the
Indian tribes that attach religious and cultural significance
to the property, including at least [Plaintiffs] Slockish and
Jackson as Chiefs of two allegedly affected tribes." *Id*. at
31-32.  The Magistrate Judge recommends the Court allow
Plaintiffs to supplement the record to determine whether Federal
Defendants "complied with their duty to consult with all affected
tribes and interested parties under the NHPA." *Id.* at 32.

This Court has not found any authority for the proposition
that Plaintiffs, as interested members of the public who are not
federally-recognized tribes, are entitled to formal consultation
with the Federal Defendants under NHPA.  Plaintiffs clearly were
entitled and, accordingly, availed themselves of the opportunity
to submit their views in writing as interested members of the
public.  It appears the Magistrate Judge was referring to those
written views as the basis of the "consultation."

In their response to Federal Defendants' objections,
Plaintiffs appear to acknowledge that they were not entitled to a
*formal* consultation with Federal Defendants, but instead argue
they "have standing to challenge the failure of the Federal
Defendants to consult adequately with federally-recognized Indian
Tribes (like the Warm Springs tribe)."  That specific issue,
however, does not appear to have been addressed by the Magistrate
Judge.

17 - OPINION AND ORDER

The Magistrate Judge ultimately recommends:

> [S]upplementation of the record should be
> permitted by plaintiffs as to whether the
> Federal Defendants complied with their duty
> to consult with all affected tribes and
> interested parties under the NHPA.

Findings and Recommendation at 32.

The Warm Springs Tribe may have had a right to consultation as a federally-recognized tribe under NHRA, but Plaintiffs did not have that right.  Whether Plaintiffs may assert the rights of the Warm Springs Tribe and whether Federal Defendants must consult with that Tribe, however, remains at issue.

Thus, on this record the Court concludes a substantial issue remains to be decided as to whether Plaintiffs have standing to seek supplementation of the record as to Federal Defendants' consultation with other federally-recognized tribes, including the Warm Springs Tribe, relating to the road-widening project.

Accordingly, the Court **REFERS** this matter to the Magistrate Judge for further proceedings to address that issue.

## II.  NAGPRA.

Plaintiffs contend Federal Defendants should have consulted Plaintiffs regarding the Federal Defendants' "intentional excavation or inadvertent discovery of human remains, funerary objects, sacred objects, or objects of cultural patrimony on Federal lands."  *See* 43 C.F.R. § 10.5.  Plaintiffs further allege

Federal Defendants ignored information that an impacted area contained burial grounds and a cairn (mound of stones) marking the location of burial sites.  Plaintiffs urge and the Magistrate Judge recommends Plaintiffs should be permitted to supplement the record to shed light on Federal Defendants' failure to engage in that consultation.

Federal Defendants, however, assert Plaintiffs do not allege Federal Defendants inadvertently or otherwise discovered or excavated human remains.  Thus, according to Federal Defendants, they did not have a duty to consult with Plaintiffs because NAGPRA applies only upon such a discovery and/or excavation. Federal Defendants insist the "mere allegation of the existence of funerary objects or even a high likelihood of their eventual discovery" does not require compliance with NAGPRA.

NAGPRA restricts the intentional excavation and removal of Native American human remains and objects discovered on federal or tribal lands.  25 U.S.C. § 3002(c).  *See also Abenaki Nation of Mississquoi v. Hughes,* 805 F. Supp. 234, 252 (D. Vt. 1992). In *Abenaki Nation* the court held a NAGPRA claim was "premature" because "[a]s yet there have been no cultural or funerary items discovered at the mitigation site, though the possibility of their existence is extremely high.").  *See also Rosales v. U.S.,* 07-cv-0624, 2007 WL 4233060, at *9 (S.D. Cal. Nov. 288, 2007)

19 - OPINION AND ORDER

("[A]n inadvertent discovery does not occur when an agency is placed on notice of likely or certain discovery, but that discovery must be actual.").

On this record the Court agrees with Federal Defendants that, in the absence of any actual discovery or excavation of human remains and objects on Plaintiffs' lands, Federal Defendants may not have had a duty to engage in consultation with Plaintiffs.  It does not appear, however, the parties presented this issue to the Magistrate Judge with the clarity that the parties now assert.

Accordingly, in light of the Magistrate Judge's experience with this case, the Court **REFERS** this matter to the Magistrate Judge to reconsider her Findings and Recommendation as to this issue in light of the arguments presented by Federal Defendants in their Objections.


## CONCLUSION

For these reasons, the Court (1) **ADOPTS** the Magistrate Judge's Findings and Recommendation as to Federal Defendants' Motion (#104) for Judgment on the Pleadings and **GRANTS in part** and **DENIES in part** Federal Defendants' Motion, (2) **ADOPTS** the Magistrate Judge's Findings and Recommendation as to State Defendant Matthew Garrett's Motion (#105) for Judgment on the

Pleadings and **GRANTS** the Motion, and (3) **REFERS** Plaintiffs'

Renewed Motion (#107) to Supplement the Record and to Compel

Discovery to the Magistrate Judge for further proceedings as set

forth herein.

IT IS SO ORDERED.

DATED this 6th day of February, 2012.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER