IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HEREDITARY CHIEF WILBUR SLOCKISH**, a resident of Washington and an enrolled member of the Confederated Tribes and Bands of the Yakima Nation, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>**UNITED STATES FEDERAL HIGHWAY ADMINISTRATION**, an Agency of the Federal Government, *et al.*,<br><br>      Defendants. | 3:08-CV-01169-ST<br><br>ORDER |

**BROWN, Judge.**

    On June 19, 2012, Magistrate Judge Janice M. Stewart issued Findings and Recommendations (#154) recommending this Court **GRANT in part** and **DENY in part** Plaintiffs' Renewed Motion (#107) to Supplement the Record and to Compel Discovery.

1 - ORDER

## BACKGROUND

Plaintiffs allege in their Second Amended Complaint[1] that between July 2008 and July 2009 Federal Defendants' road-widening project on Highway 26 in the vicinity of the Wildwood Recreation Area near Welches, Oregon, severely damaged Plaintiffs' sacred burial grounds; traditional campsite; and other historic, cultural, and natural resources.  As a result of the project, Plaintiffs contend their access route from the highway to the campsite was blocked.

Plaintiffs contend Defendants' actions in the course of the road-widening project violated Plaintiffs' rights to due process under the Fifth Amendment and their rights to exercise their religion freely under the First Amendment to the United States Constitution and the Public Trust Doctrine.

Plaintiffs also allege Defendants violated the following procedural and substantive federal statutes during the road-widening project:  National Environmental Policy Act (NEPA), 42 U.S.C. § 4231, *et seq.*; Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*; the National Historic Preservation Act (NHPA), 16 U.S.C. § 470, *et seq.*; Federal Land Policy Management Act (FLPMA), 43 U.S.C. § 1701, *et seq.*; Archeological Resources Protection Act, 16 U.S.C. § 470, *et seq.*; Native American Graves

---

[1] On July 3, 2012, Plaintiffs filed a Third Amended Complaint.  The Findings and Recommendation and Objections, however, address the Second Amended Complaint.

2 - ORDER

Protection and Repatriation Act, 25 U.S.C. § 3001, *et seq.;* and Section 4(f) of the Department of Transportation Act, 49 U.S.C. § 303 and 23 U.S.C. § 138.

On September 21, 2011, Magistrate Judge Stewart issued Findings and Recommendation in which, among other things, she recommended the Court grant in part and deny in part Plaintiffs' Renewed Motion (#107) to Supplement the Record and to Compel Discovery in which Plaintiffs seek extra-record discovery to establish that their cultural, religious, and historical use of and interest in their campgrounds have been adversely impacted by Federal Defendants' road-widening project on Highway 26.

On February 7, 2012, the Court issued an Order in which, among other things, the Court referred Plaintiffs' Renewed Motion to Supplement the Record and to Compel Discovery to the Magistrate Judge for further proceedings

(1) as to whether Plaintiffs have standing to seek supplementation of the record as to Federal Defendants' consultation with other federally-recognized tribes, including the Warm Springs Tribe, relating to the road-widening project and

(2) to reconsider the Findings and Recommendation as to whether, in the absence of any actual discovery or excavation of human remains and objects on Plaintiffs' lands, Federal Defendants had a duty to engage in

consultation with Plaintiffs in light of the arguments presented by Federal Defendants in their Objections.

On March 14, 2012, Magistrate Judge Stewart heard oral argument on Plaintiffs' Renewed Motion to Supplement the Record and directed the parties to file supplemental briefing on the issues set out in the Court's February 7, 2012, Order.

On June 19, 2012, Magistrate Judge Stewart issued Findings and Recommendation in which she recommended the Court grant Plaintiffs' Renewed Motion to Supplement the Record as to Plaintiff's Third Claim

(1) under NHPA as to testimony by Jones and Nixon to clarify the area Yallup designated in 1991 as containing Native American burial sites and

(2) under NAGPRA as to

(a) affidavits establishing Plaintiffs' standing as traditional religious leaders and identifying "sacred objects" within the Project area and

(b) testimony by Jones describing the information he communicated to ODOT and Federal Defendants that is not reflected in the Administrative Record and confirming Larry Dick's communication to the BLM in 1990.

The Magistrate Judge further recommended the Court deny the remainder of Plaintiffs' Motion.

4 - ORDER

On July 3, 2012, Plaintiffs filed their Third Amended Complaint to include a claim for violation of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb.

On July 6, 2012, the parties filed timely Objections to the Findings and Recommendation.

## PARTIES' OBJECTIONS

### I. Standards

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

### II. Plaintiffs' Objections

In their Objections Plaintiffs generally reiterate the arguments contained in their Supplemental Memorandum in Support of Plaintiffs' Renewed Motion to Supplement the Administrative Record and Sur-Reply and their arguments stated at oral argument. Plaintiffs also raise Objections based on RFRA.  As noted, however, Plaintiffs' Second Amended Complaint did not contain a claim pursuant to RFRA and Plaintiffs did not file their Third Amended Complaint, which, as noted, contained a claim under RFRA, until after the Magistrate Judge issued her Findings and

5 - ORDER

Recommendation. Accordingly, to the extent that Plaintiffs seek to allege a right to supplement the record and/or to conduct further discovery pursuant to RFRA, Plaintiffs must raise that argument and support its position in a new Motion before the Magistrate Judge.

This Court has carefully considered Plaintiffs' Objections and concludes on the record that was before the Magistrate Judge that Plaintiffs' Objections do not provide a basis to modify the Findings and Recommendation.

### III. Federal Defendants' Objections

In their Objections Federal Defendants reiterate the arguments contained in their Response to Plaintiffs' Supplemental Memorandum and the arguments stated at oral argument. This Court has carefully considered Federal Defendants' Objections and concludes they do not provide a basis to modify the Findings and Recommendation.

In addition, the Court has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

### CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#154) and **GRANTS in part** and **DENIES in part** Plaintiffs' Renewed Motion (#107) to Supplement the Record and to

6 - ORDER

Compel Discovery as follows:

(1) The Court **GRANTS** Plaintiffs' Renewed Motion to Supplement the Record as to Plaintiff's Third Claim

    (a) under NHPA as to testimony by Jones and Nixon to clarify the area Yallup designated in 1991 as containing Native American burial sites and

    (b) under NAGPRA as to

        (I) affidavits establishing Plaintiffs' standing as traditional religious leaders and identifying "sacred objects" within the Project area and

        (ii) testimony by Jones describing the information he communicated to ODOT and the Federal Defendants that is not reflected in the Administrative Record and confirming Larry Dick's communication to the BLM in 1990.

(2) The Court **DENIES** the remainder of Plaintiffs' Motion.

IT IS SO ORDERED.

DATED this 22nd day of August, 2012.

                                /s/ Anna J. Brown

                                _____
                                ANNA J. BROWN
                                United States District Judge

8 - ORDER