IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEREDITARY CHIEF WILBUR                3:08-CV-01169-ST
SLOCKISH, a resident of
Washington and an enrolled             ORDER
member of the Confederated
Tribes and Bands of the
Yakima Nation, *et al.*,

       Plaintiffs,

v.

UNITED STATES FEDERAL
HIGHWAY ADMINISTRATION,
an Agency of the Federal
Government, *et al.*,

       Defendants.


BROWN, Judge.

    On June 19, 2012, Magistrate Judge Janice M. Stewart

issued Findings and Recommendations (#154) recommending this

Court **GRANT in part** and **DENY in part** Plaintiffs' Renewed Motion

(#107) to Supplement the Record and to Compel Discovery.

1 - ORDER

## BACKGROUND

Plaintiffs allege in their Second Amended Complaint[1] that between July 2008 and July 2009 Federal Defendants' road-widening project on Highway 26 in the vicinity of the Wildwood Recreation Area near Welches, Oregon, severely damaged Plaintiffs' sacred burial grounds; traditional campsite; and other historic, cultural, and natural resources.  As a result of the project, Plaintiffs contend their access route from the highway to the campsite was blocked.

Plaintiffs contend Defendants' actions in the course of the road-widening project violated Plaintiffs' rights to due process under the Fifth Amendment and their rights to exercise their religion freely under the First Amendment to the United States Constitution and the Public Trust Doctrine.

Plaintiffs also allege Defendants violated the following procedural and substantive federal statutes during the road-widening project:  National Environmental Policy Act (NEPA), 42 U.S.C. § 4231, *et seq.*; Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*; the National Historic Preservation Act (NHPA), 16 U.S.C. § 470, *et seq.*; Federal Land Policy Management Act (FLPMA), 43 U.S.C. § 1701, *et seq.*; Archeological Resources Protection Act, 16 U.S.C. § 470, *et seq.*; Native American Graves

---

[1] On July 3, 2012, Plaintiffs filed a Third Amended Complaint.  The Findings and Recommendation and Objections, however, address the Second Amended Complaint.

2 - ORDER

Protection and Repatriation Act, 25 U.S.C. § 3001, *et seq.*; and
Section 4(f) of the Department of Transportation Act, 49 U.S.C.
§ 303 and 23 U.S.C. § 138.

On September 21, 2011, Magistrate Judge Stewart issued
Findings and Recommendation in which, among other things, she
recommended the Court grant in part and deny in part Plaintiffs'
Renewed Motion (#107) to Supplement the Record and to Compel
Discovery in which Plaintiffs seek extra-record discovery to
establish that their cultural, religious, and historical use of
and interest in their campgrounds have been adversely impacted by
Federal Defendants' road-widening project on Highway 26.

On February 7, 2012, the Court issued an Order in which,
among other things, the Court referred Plaintiffs' Renewed Motion
to Supplement the Record and to Compel Discovery to the
Magistrate Judge for further proceedings

(1)   as to whether Plaintiffs have standing to seek
      supplementation of the record as to Federal Defendants'
      consultation with other federally-recognized tribes,
      including the Warm Springs Tribe, relating to the road-
      widening project and

(2)   to reconsider the Findings and Recommendation as to
      whether, in the absence of any actual discovery or
      excavation of human remains and objects on Plaintiffs'
      lands, Federal Defendants had a duty to engage in

3 - ORDER

consultation with Plaintiffs in light of the arguments presented by Federal Defendants in their Objections.

On March 14, 2012, Magistrate Judge Stewart heard oral argument on Plaintiffs' Renewed Motion to Supplement the Record and directed the parties to file supplemental briefing on the issues set out in the Court's February 7, 2012, Order.

On June 19, 2012, Magistrate Judge Stewart issued Findings and Recommendation in which she recommended the Court grant Plaintiffs' Renewed Motion to Supplement the Record as to Plaintiff's Third Claim

(1)   under NHPA as to testimony by Jones and Nixon to clarify the area Yallup designated in 1991 as containing Native American burial sites and

(2)   under NAGPRA as to

(a)   affidavits establishing Plaintiffs' standing as traditional religious leaders and identifying "sacred objects" within the Project area and

(b)   testimony by Jones describing the information he communicated to ODOT and Federal Defendants that is not reflected in the Administrative Record and confirming Larry Dick's communication to the BLM in 1990.

The Magistrate Judge further recommended the Court deny the remainder of Plaintiffs' Motion.

4 - ORDER

On July 3, 2012, Plaintiffs filed their Third Amended Complaint to include a claim for violation of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb.

On July 6, 2012, the parties filed timely Objections to the Findings and Recommendation.

<u>**PARTIES' OBJECTIONS**</u>

**I.   Standards**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

**II. Plaintiffs' Objections**

In their Objections Plaintiffs generally reiterate the arguments contained in their Supplemental Memorandum in Support of Plaintiffs' Renewed Motion to Supplement the Administrative Record and Sur-Reply and their arguments stated at oral argument. Plaintiffs also raise Objections based on RFRA.  As noted, however, Plaintiffs' Second Amended Complaint did not contain a claim pursuant to RFRA and Plaintiffs did not file their Third Amended Complaint, which, as noted, contained a claim under RFRA, until after the Magistrate Judge issued her Findings and

5 - ORDER

Recommendation.  Accordingly, to the extent that Plaintiffs seek
to allege a right to supplement the record and/or to conduct
further discovery pursuant to RFRA, Plaintiffs must raise that
argument and support its position in a new Motion before the
Magistrate Judge.

This Court has carefully considered Plaintiffs' Objections
and concludes on the record that was before the Magistrate Judge
that Plaintiffs' Objections do not provide a basis to modify the
Findings and Recommendation.

**III. Federal Defendants' Objections**

In their Objections Federal Defendants reiterate the
arguments contained in their Response to Plaintiffs' Supplemental
Memorandum and the arguments stated at oral argument.  This Court
has carefully considered Federal Defendants' Objections and
concludes they do not provide a basis to modify the Findings and
Recommendation.

In addition, the Court has reviewed the pertinent portions
of the record *de novo* and does not find any error in the
Magistrate Judge's Findings and Recommendation.


<u>**CONCLUSION**</u>

The Court **ADOPTS** Magistrate Judge Stewart's Findings and
Recommendation (#154) and **GRANTS in part** and **DENIES in part**
Plaintiffs' Renewed Motion (#107) to Supplement the Record and to

6 - ORDER

Compel Discovery as follows:

    (1)   The Court **GRANTS** Plaintiffs' Renewed Motion to
Supplement the Record as to Plaintiff's Third Claim

        (a)   under NHPA as to testimony by Jones and Nixon to
clarify the area Yallup designated in 1991 as
containing Native American burial sites and

        (b)   under NAGPRA as to

            (I)   affidavits establishing Plaintiffs' standing
as traditional religious leaders and
identifying "sacred objects" within the
Project area and

           (ii)   testimony by Jones describing the
information he communicated to ODOT and the
Federal Defendants that is not reflected in
the Administrative Record and confirming
Larry Dick's communication to the BLM in
1990.

    (2)   The Court **DENIES** the remainder of Plaintiffs' Motion.

IT IS SO ORDERED.

DATED this 22nd day of August, 2012.


                    /s/ Anna J. Brown

                    _____

                    ANNA J. BROWN
                    United States District Judge

8 - ORDER