IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEREDITARY CHIEF WILBUR
SLOCKISH, et al.,

        Plaintiffs,

    v.

UNITED STATES FEDERAL HIGHWAY
ADMINISTRATION, et al.,

        Defendants.

No. 3:08-cv-01169-YY

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge You issued a Findings and Recommendation [300] on March 2, 2018, in which she recommends that this Court grant Defendants' Motion for Partial Summary Judgment [287], deny Plaintiffs' Motion for Partial Summary Judgment [294], and dismiss Plaintiffs' Thirteenth Claim for Relief. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Plaintiffs filed timely objections to the Magistrate Judge's Findings & Recommendation. Pls. Obj. ECF 302. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiffs raise two objections to the F&R: (1) Plaintiffs have established a substantial burden under the Religious Freedom Restoration Act ("RFRA") and (2) Plaintiffs have standing. With regard to Plaintiffs' first objection, the Court agrees with Judge You. The Ninth Circuit has taken a narrow approach to defining what constitutes a "substantial burden" under RFRA. *See e.g. Snoqualmie Indian Tribe v. FERC*, 545 F.3d 1207, 1213(2008) (noting that in *Navajo Nation* the Ninth Circuit adopted "a narrower definition" of what constitutes a substantial burden than it had in prior decisions). Per the dictates of *Navajo Nation v. U.S. Forest Service*:

> a 'substantial burden' is imposed only when individuals are forced to choose between following the tenets of their religion and receiving a governmental benefit (*Sherbert*) or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions (*Yoder*). Any burden imposed on the exercise of religion short of that described by *Sherbert* and *Yoder* is not a 'substantial burden' within the meaning of RFRA, and does not require the application of the compelling interest test as set forth in those two cases.

535 F.3d 1058, 1070 (2008). Here, as discussed by Judge You, Plaintiffs "have not established that they are being coerced to act contrary to their religious beliefs under the threat of sanctions or that a governmental benefit is being conditioned upon conduct that would violate their religious beliefs." F&R 10. "Without these critical elements, [P]laintiffs cannot establish a substantial burden under the RFRA." *Id.*

With regard to Plaintiffs second objection, Plaintiffs contend that Judge You "conflated the merits of the RFRA claim with the question of standing." Pls. Obj. F&R 30. The Court

agrees. Judge You found that "by failing to establish a *prima facie* case under the RFRA, plaintiffs have failed to establish that they have suffered an injury in fact" and "lack standing on the RFRA claim." F&R 17. But whether Plaintiffs have an injury in fact for standing purposes is a separate inquiry from whether Plaintiffs can succeed on the merits of their case. *See Kirola v. City and Cty of San Franciso*, 860 F.3d 1164, 1175 (9th Cir. 2017) (finding "[t]he district court seems to have improperly conflated [the plaintiff's] standing with whether she would prevail on the merits"); *Claybrook v. Slater*, 111 F.3d 904, 907 (9th Cir. 1997) ("Whether a plaintiff has a legally protected interest (and thus standing) does not depend on whether he can demonstrate that he will succeed on the merits. Otherwise, every unsuccessful plaintiff will have lacked standing in the first place.").

In this case, Plaintiffs have standing. First, Plaintiffs suffered an ongoing concrete and particularized injury that the RFRA was designed to protect: Plaintiffs contend they are limited in their ability to access the site and exercise their religion as they had previously done on a regular basis and would continue to use the site for religious purposes if the damage was remediated. Pl. Obj. F&R 28–29; Pl. Resp. Def. Mot. Summ J. 27–28, ECF 292; *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181–83 (2000) (finding allegations that members of the plaintiff-organization would use a specific site for recreational purposes as they had previously but for their concerns of the defendant's pollution sufficient for standing purposes). Second, Defendants do not appear to contest that the injury suffered by Plaintiffs is fairly traceable to Defendants' conduct. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) ("[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of an independent action of some third party not before the court."). Third, the

Court finds that Plaintiffs' injury is redressable *Id.* ("[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.). Given Plaintiffs' broad request for various forms of equitable relief, it is likely that the Court could craft some relief that would mitigate Plaintiff's injury and improve their access to the site and ability to exercise their religion. *See e.g. Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065–66 (9th Cir. 2002) (In the context of mootness, the Ninth Circuit has held that an injury is remediable where "the court below might order other measures to help mitigate the damage" even if it can't be entirely undone.); *see also Feldman v. Bomar*, 518 F.3d 637, 642–43 (9th Cir. 2008) (listing cases in which the court "could . . . remedy the alleged harm" even though "the contested government projects were complete"). However, as Plaintiffs have not succeeded in establishing a *prima facie* case under RFRA, this determination does not alter the outcome of this decision.

The Court has reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS in part Magistrate Judge You's Findings and Recommendation [300]. Defendant's Motion for Partial Summary Judgment [287] is GRANTED in part, and Plaintiff's Thirteenth Claim for Relief under RFRA is dismissed. Plaintiff's Motion for Partial Summary Judgment [294] is DENIED.

IT IS SO ORDERED.

DATED this \_\_\_\_11\_\_\_\_ day of \_\_June\_\_, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge