UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

HEREDITARY CHIEF WILBUR SLOCKISH,

HEREDITARY CHIEF JOHNNY JACKSON,

CAROL LOGAN,

CASCADE GEOGRAPHIC SOCIETY,

    AND

MOUNT HOOD SACRED LANDS PRESERVATION ALLIANCE,

    PLAINTIFFS,

V.

UNITED STATES FEDERAL HIGHWAY ADMINISTRATION,

UNITED STATES BUREAU OF LAND MANAGEMENT,

AND

ADVISORY COUNCIL ON HISTORIC PRESERVATION.

    DEFENDANTS.

Case No. 3:08-cv-1169

**JOINT STATUS REPORT**

Pursuant to the Court's order of June 12, 2018, ECF No. 313, the Parties hereby submit a joint status report that identifies the claims and issues remaining in the case and proposes a schedule for resolution of the remaining issues in the case.

**Remaining claims in this case**

Plaintiffs' Fourth Amended Complaint contains the following claims:

1.    Failure to inventory under the National Historic Preservation Act

2. Failure to nominate under National Register of Historic Places

3. Failure to consult under both the National Historic Preservation Act and the Native American Graves Protection and Repatriation Act

4. Failure to ensure standards of professional archeology under the National Historic Preservation Act

5. Deficient Review under Section 106 of the National Register of Historic Places

6. Deficient Environmental Assessment under the National Environmental Policy Act

7. Failure to identify Section 4(f) resources under 23 U.S.C. § 138 and 49 U.S.C. § 303.

8. Failure to advise under the National Register of Historic Places

9. Legally deficient tree-cutting permit under the National Historic Preservation Act

10. Legally deficient approval of a grant of right-of-way under Section 106, and without an Environmental Assessment under NEPA

11. Violation of the Administrative Procedure Act

12. Due process violation

13. Free exercise of religion under both the Religious Freedom Restoration Act and the Free Exercise Clause of the First Amendment.

ECF No. 223. Federal Defendants moved for partial summary judgment asserting that "[t]he Federal Defendants are entitled to summary judgment on Plaintiffs' RFRA claim." ECF No. 287 at 2. They argued, *inter alia*, Plaintiffs had failed to demonstrate a "substantial burden" on their religious exercise. *Id.* This Court recommended Federal defendants' motion for partial summary judgment be granted and the claim dismissed. ECF No. 300. Judge Hernandez

adopted in part the recommendation, and ordered that "Defendant's Motion for Partial Summary Judgment 287 is GRANTED in part, and Plaintiffs Thirteenth Claim for Relief under RFRA is dismissed. Plaintiffs Motion for Partial Summary Judgment 294 is DENIED." ECF No. 312.

The parties disagree regarding whether Plaintiff's Thirteenth Claim is dismissed in its entirety. Plaintiffs believe that the Thirteenth Claim was dismissed to the extent it arises "under RFRA," ECF No. 312, but not to the extent it arises under "the Free Exercise Clause of the First Amendment," ECF No. 223—both because Defendants moved for partial summary judgment only under RFRA, and because a claim under the Free Exercise Clause does not necessarily require a showing of a "substantial burden." Defendants believe the Thirteenth Claim was dismissed in its entirety. The other claims in Plaintiffs' Fourth Amended Complaint remain. *See* ECF No. 223.

## Remaining issues in the case

There are three main issues addressed in this schedule. First, Plaintiffs indicated they plan to move to the Court to direct entry of a final judgment as to Plaintiffs thirteenth claim regarding the Religious Freedom Restoration Act (RFRA) and stay the remaining twelve claims pending an appeal. *See* Fed. R. Civ. P. 54(b). Federal Defendants plan to oppose the motion for entry of judgment.

In the event that the motion for certification is denied, Plaintiffs have indicated they plan to move for additional discovery. Defendants plan to oppose additional discovery. Once the issue of discovery is resolved, the Parties plan to resolve the remaining twelve claims in the case through cross motions for summary judgment. The Parties have agreed to a schedule as follows:

**Proposed schedule**

| Filing | Deadline |
| --- | --- |
| Plaintiffs' motion for stay and certification under Rule 54(b) | 14 days from entry of scheduling order |
| Defendants' opposition to Plaintiffs' motion for certification under Rule 54(b) | 21 days from Plaintiffs' motion for certification |
| If motion for certification is granted: Plaintiffs' notice of appeal | 60 days after Rule 54(b) certification |
| If motion for certification is denied: Plaintiffs' motion for discovery | 60 days after Plaintiffs' motion for certification is denied |
| Defendants' opposition to Plaintiffs' motion for discovery | 30 days after Plaintiffs' motion for discovery |
| If Plaintiffs' motion for discovery is granted | A discovery period of 180 days |
| Plaintiffs' motion for summary judgment | 30 days after Plaintiffs' motion for discovery is denied<br><br>OR<br><br>30 days after the close of the discovery period |
| Defendants' cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment | 30 days after Plaintiffs' Motion for Summary Judgment |

| Filing | Deadline |
|---|---|
| Plaintiffs' reply in opposition to Defendants' cross motion and in support of their motion for summary judgment | 14 days after Defendants' Cross-Motion |
| Defendants' reply in support of their cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment | 14 days after Plaintiffs' Reply |

The Parties respectfully request the Court adopt the schedule above.

Respectfully submitted on July 10, 2018,

        JEFFREY H. WOOD
        Acting Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division

        By: */s/ Reuben Schifman*
        REUBEN SCHIFMAN
        Trial Attorney
        U.S. Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Telephone: (202) 305-4224
        reuben.schifman@usdoj.gov

        BILLY J. WILLIAMS, Oregon State Bar No. 901366
        United States Attorney
        TIM SIMMONS, Oregon State Bar No. 924615
        Assistant U.S. Attorney
        tim.simmons@usdoj.gov
        United States Attorney's Office
        District of Oregon
        405 E. 8th Ave., Suite 2400
        Eugene, OR 97401
        Telephone: (541) 465-6740
        Facsimile: (541) 465-6917

        *Attorneys for Federal Defendants*

<u>*/s/ Michael A. Patterson*</u>
Michael A. Patterson, OSB No. 7976
Keith A. Talbot, Pro Hac Vice
Patterson Buchanan Fobes & Leitch, Inc., P.S.
1001 SW Fifth Avenue, 11th Floor
Portland, OR  97204

Luke W. Goodrich, Pro Hac Vice
Stephanie H. Barclay, Pro Hac Vice
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW
Suite 700
Washington, DC 20036

James J. Nicita, OSB No. 024068
302 Bluff Street
Oregon City, OR 97045

*Attorneys for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I, Reuben S. Schifman, hereby certify that on July 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and copies will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*/s/ Reuben Schifman*
REUBEN S. SCHIFMAN