UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


HEREDITARY CHIEF WILBUR
SLOCKISH, et al.,

              Plaintiffs,

      v.

UNITED STATES FEDERAL HIGHWAY
ADMINISTRATION, et al.,

              Defendants.

Case No. 3:08-cv-01169-YY

OPINION AND ORDER


YOU, Magistrate Judge:

Plaintiffs have filed a Motion for Entry of Partial Final Judgment under FRCP 54(b) (ECF #318) in which they seek partial final judgment with respect to their Religious Freedom Restoration Act ("RFRA") claim and a stay of litigation with respect to their remaining claims. ECF #318. For the reasons discussed below, the motion is DENIED.[1]

## DISCUSSION

### I.    Legal Standard

FRCP 54(b) provides:

---

[1] An FRCP 54(b) motion is akin to a motion for stay. The Ninth Circuit has held that a motion for stay that does not dispose of claims or effectively deny the ultimate relief sought is non-dispositive, and therefore falls within magistrate judge jurisdiction under 28 USC § 636(b)(1)(A). *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013).

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A determination whether to enter a final judgment pursuant to FRCP 54(b) is "exclusively within the discretion of the district court." *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1078 (9th Cir. 1994) (quoting *Ill. Tool Works, Inc. v. Brunsing*, 378 F.2d 234, 236 (9th Cir. 1967)). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Before entering judgment pursuant to FRCP 54(b), the court must have rendered a "final judgment" on the claim at issue. *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright*, 446 U.S. at 7). "Final judgment" is defined as "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.*

Next, the court must determine whether there is any just reason to delay appeal on the already adjudicated claim. *Wood*, 422 F.3d at 878. In making this determination, the court considers both the interests of sound judicial administration and the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8. The principle of sound judicial administration requires court is to consider "whether the claims under review [are] separable" legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id.*

Rule 54(b) certification is generally disfavored. It "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Morrison-Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). While "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case," *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted), granting a Rule 54(b) motion is "not routine" and "should not become so." *Wood*, 422 F.3d at 879. "Therefore, the burden lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b)." *Birkes v. Tillamook Cty.*, No. 3:09-CV-1084-AC, 2012 WL 2178964, at *3 (D. Or. June 13, 2012) (citing *U.S. Fire Ins. Co. v. Williamsburg Nat'l Ins. Co.*, No. 1:07-CV-00718, 2009 WL 650578, *2 (E.D. Cal. Mar. 12, 2009)).

## I.     Final Judgment

The parties do not dispute that there has been final judgment on plaintiffs' RFRA claim.[2]

## II.     Equities of Delay

Plaintiffs contend that their motion should be granted because there is no just reason to delay appeal. In making this determination, courts consider both "juridical concerns," like

---

[2] The parties dispute whether the Free Exercise portion of the Thirteenth Claim also has been dismissed. In support of their position, federal defendants cite to language in the March 2, 2018 Findings and Recommendation, in which the court recommended that "plaintiffs' Thirteenth Claim should be DISMISSED." Findings & Recommendation 1, ECF #300. Elsewhere, however, the Findings and Recommendation state that "federal defendants' motion for summary judgment against plaintiffs' Thirteenth Claim *under the RFRA* should be granted." *Id.* at 16 (emphasis added). Moreover, in adopting the Findings and Recommendation, Judge Hernández specified that "[p]laintiff's Thirteenth Claim for Relief *under RFRA* is dismissed." Order 4, ECF #312 (emphasis added).

For purposes of this motion, it is unnecessary to resolve whether the Free Exercise claim remains viable, as the parties agree there has been final judgment on the RFRA claim. Additionally, for purposes of resolving this motion, the court assumes, but does not decide, that the Free Exercise portion of the Thirteen Claim remains viable.

avoiding "piecemeal appeals" in a case that "should be reviewed only as [a] single unit[]," and "equitable factors such as prejudice and delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (quoting *Curtiss-Wright*, 446 U.S. at 10) (internal quotations omitted). As noted previously, Rule 54(b) judgment should be avoided "unless the pressing needs of the litigants outweigh the potential for multiple, duplicate appeals." *Birkes*, 2012 WL 2178964, at *3 (citing *Morrison-Knudsen*, 655 F.2d at 965).

A. **Piecemeal Appeals**

"A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen*, 655 F.2d at 965.

Federal defendants argue that there is a similarity of factual and legal issues between plaintiffs' RFRA claim and their remaining statutory claims. Plaintiffs counter that the "bulk" of their statutory claims focus on whether the government observed the appropriate procedural requirements before expanding the highway, in contrast to the RFRA claim, which challenges not only the process used but whether the expansion itself violated the substantive protections of RFRA. Mot. 6, ECF #318.

Plaintiffs position demonstrates at least some factual and legal overlap between their RFRA claims and their other statutory claims. Moreover, as explained in their Reply in Support of their Motion for Discovery, plaintiffs sought discovery under the Native American Graves Protection and Repatriation Act ("NAGPRA") regarding the religious significance of the sacred site. *See* Pl. Reply in Support Mot. Disc. 2-3, ECF #323. Plaintiffs also relied on the religious significance of the site as part of the factual basis for the RFRA claim. *See* Pl. Resp. to Def.

Mot. Summ. J. 4-10, 37-41, ECF #292. Therefore, there is at least some factual overlap between the NAGPRA and RFRA claims.

Federal defendants further contend that there is a similarity of factual and legal issues between plaintiffs' RFRA and Free Exercise claims. Plaintiffs counter that to trigger strict scrutiny under the RFRA, plaintiffs must show that they suffered a "substantial burden" on their religious exercise, whereas under the Free Exercise Clause, plaintiffs must show that the government's action was not "neutral or generally applicable" with respect to religion.[3] 42 U.S.C. § 2000bb-1; *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075-76 (9th Cir. 2015).

While Free Exercise claims may no longer require that plaintiffs demonstrate a "substantial burden" on the exercise of their religion, the court notes that in seeking discovery, plaintiffs have recognized a similarity between the RFRA and Free Exercise claims. *See* Pl. Reply Mot. Disc. 16, ECF #323 (arguing that plaintiffs sought, but never had the opportunity, to depose the Bureau of Land Management ("BLM") archeologist during discovery under the RFRA claim and that plaintiffs should be given the opportunity to depose the archeologist as part of discovery for the Free Exercise claim). As such, the court finds that there is a similarity of legal and factual issues between plaintiffs' RFRA claim and the remaining claims, which weighs heavily against an entry of judgment under Rule 54(b). *Morrison-Knudsen*, 655 F.2d at 965.

---

[3] Prior to *Employment Division v. Smith*, 494 U.S. 872 (1990), the test under the Free Exercise Clause had been whether plaintiffs had suffered a "substantial burden" of their religious exercise. *See Wisconsin v. Yoder*, 406 U.S. 205, 214, 219-20 (1972); *Sherbert v. Verner*, 374 U.S. 398, 406 (1963). Nevertheless, "[u]nder the rule announced in *Smith* and affirmed in [*Lukumi*]," strict scrutiny applies where a law is "not neutral or not generally applicable." *Stormans*, 794 F.3d at 1075-76 (citing *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah ("Lukumi")*, 508 U.S. 520, 531-32 (1993)); *see also Employment Division v. Smith*, 494 U.S. 872 (1990); *Holt v. Hobbs*, 135 S.Ct. 853, 859 (2015) (explaining that *Smith* "largely repudiated" the substantial burden test applied in *Yoder* and *Sherbert*).

**B. Prejudice and Delay**

As noted by defendants, plaintiffs have provided no reason to conclude that an appeal of one claim, while at least 12 claims remain pending, will lead to a faster resolution of this case. Filed in October 2008, this case has been pending for almost ten years. Compl., ECF #1. The parties have indicated that they plan to resolve the remaining twelve claims through cross motions for summary judgment and they agreed to begin briefing those motions in the coming months. *See* Joint Status Rep. ECF #316. Plaintiffs argue that "continued, protracted litigation at the trial court level is especially prejudicial to Plaintiffs, since each of the individual plaintiffs is over 70 years old." Pl. Mot. Part. Final J. 10, ECF #318. However, staying 12 claims in order to appeal a single claim would drag this litigation out even longer. Plaintiffs further argue that resolving cross-motions for summary judgment could take months or longer, and it is possible that this case will not be resolved at summary judgment. Nevertheless, that is all the more reason to move forward on these claims, rather than leaving them to languish on the docket while plaintiffs appeal one of them.

While "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case," given the stage of this litigation, the court finds that the most expeditious manner of resolving this case is to proceed with the cross-motions for summary judgment as proposed by the parties in their Joint Status Report of July 10, 2018. *See Texaco*, 939 F.2d at 797. Moreover, as discussed above, the similarity of legal and factual issues between plaintiffs' RFRA claim and other claims weighs heavily against an entry of judgment under Rule 54(b). *Morrison-Knudsen*, 655 F.2d at 965. Accordingly, the court concludes that this in not the type of "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Id.*

**CONCLUSION**

For the reasons set forth above, plaintiffs' motion (ECF #318) is DENIED.

DATED this 10th day of October, 2018.


                                  /s/ Youlee Yim You
                           _____
                           Youlee Yim You
                           United States Magistrate Judge