**FILED**

**NOT FOR PUBLICATION**

NOV 24 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILBUR SLOCKISH, Hereditary Chief of the Klickitat/Cascade Tribe; CAROL LOGAN, a resident of Oregon, and an enrolled member of the Confederated Tribes of the Grand Ronde; CASCADE GEOGRAPHIC SOCIETY, an Oregon nonprofit corporation; MOUNT HOOD SACRED LANDS PRESERVATION ALLIANCE, an unincorporated nonprofit association, | No. 21-35220 <br><br> D.C. No. 3:08-cv-01169-YY <br><br> MEMORANDUM* |
| Plaintiffs-Appellants, | |
| v. | |
| U.S. DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION, an Agency of the Federal Government; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT, an Agency of the Federal Government; ADVISORY COUNCIL ON HISTORIC PRESERVATION, an Agency of the Federal Government, | |
| Defendants-Appellees. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted November 16, 2021
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Plaintiffs Hereditary Chief Wilbur Slockish, Carol Logan, Cascade Geographic Society, and Mount Hood Sacred Lands Preservation Alliance appeal from the district court's grants of summary judgment to Defendants United States Department of Transportation, Federal Highway Administration ("FHWA"), United States Department of the Interior, Bureau of Land Management ("BLM"), and Advisory Council on Historic Preservation.

Plaintiffs allege that Defendants' actions with respect to a 0.74-acre site located within a highway expansion project completed by the Oregon Department of Transportation ("ODOT") violated the Religious Freedom Restoration Act, the Free Exercise Clause of the First Amendment, the National Environmental Policy Act, the National Historic Preservation Act, the Federal Land Policy and Management Act, and Section 4(f) of the Department of Transportation Act.  We conclude that this appeal is moot and that we therefore lack jurisdiction.

"The case or controversy requirement of Article III . . . deprives federal courts of jurisdiction to hear moot cases." *Native Vill. of Nuiqsut v. BLM*, 9 F.4th 1201, 1208 (9th Cir. 2021) (quoting *NAACP, W. Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984)). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation and quotations omitted). A case is not moot if "there can be *any* effective relief." *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (emphasis in original) (quoting *Or. Nat. Res. Council v. BLM*, 470 F.3d 818, 820 (9th Cir. 2006)).

ODOT, which owns the right-of-way for the highway that encompasses the site, was dismissed from this case in 2012 based on Eleventh Amendment immunity. The remaining Defendants are federal agencies that cannot order the outright removal of the challenged highway expansion. The district court concluded that the court could nonetheless "craft some relief that would mitigate Plaintiffs' injury." Plaintiffs specifically identify the relief that they seek. That relief falls short of removing the highway expansion, but it contemplates restoration of highway access to E. Wemme Trail Road, replacement of vegetation, reconstruction of the rock pile, removal of the sloped earthen embankment over the

site, and removal of the guard rail. This relief would partially restore the site to the status quo ante, but this relief would make changes to aspects of the highway project that ODOT designed and implemented based on its judgment that those aspects improved highway safety. Because ODOT has been dismissed from this suit, none of the Defendants has authority to make the changes sought by Plaintiffs.

Pursuant to an easement previously granted by FHWA, ODOT owns a right-of-way easement over BLM land. The easement encompasses the entire site of the highway widening project. The easement reserves limited rights for BLM to use or authorize the use of the highway for non-highway purposes, but it expressly precludes BLM from doing so when it would "impair the full use and safety of the highway" or would otherwise be "inconsistent with the provisions of Title 23 of the United States Code."

The language of the easement, in combination with ODOT's dismissal, renders the case moot. All of the relief sought by Plaintiffs implicates highway safety. As ODOT and FHWA explain in the Environmental Assessment, the removal of highway access to E. Wemme Trail Road, the removal of vegetation and the rock pile, the addition of the earthen embankment, and the addition of the guard rail were all conducted for the purpose of improving the safety of the highway. As a result, BLM's limited reservation of rights to use or authorize the

use of the highway for non-highway purposes would not permit it to undo those actions.

Plaintiffs' claims for declaratory relief are also moot. Declaratory relief must correspond with a separate remedy that will redress Plaintiffs' injuries. *California v. Texas*, 141 S. Ct. 2104, 2115-16 (2021) (explaining that the Declaratory Judgment Act "alone does not provide a court with jurisdiction," and that courts must "look elsewhere to find a remedy that will redress plaintiffs' injuries"). "[A] declaratory judgment may not be used to secure judicial determination of moot questions." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 816 (9th Cir. 1995) (quotations omitted) (quoting *Native Vill. of Noatak*, 38 F.3d 1505, 1514 (9th Cir. 1994)). Plaintiffs' claims for declaratory relief that correspond to their claims for injunctive relief are therefore moot.

Plaintiffs' claim for damages is barred by federal sovereign immunity. *See Price v. United States*, 174 U.S. 373, 375-76 (1899).

Because we cannot order any effective relief, this appeal is moot. Although Defendants' "burden of demonstrating mootness is a heavy one," that burden is carried here. *Nw. Env't Defense Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

**DISMISSED.**